HANNA MINING COMPANY, APPELLANT, *v.*
LIMBACH, TAX COMMR., APPELLEE.

[Cite as Hanna Mining Co. *v.* Limbach (1985), 20 Ohio St. 3d 3.]

(No. 85-372—Decided October 30, 1985.)

*Jones, Day, Reavis & Pogue* and *John C. Duffy, Jr.,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

LOCHER, J. The issue before us is whether the three-year limitations period contained in R.C. 5733.12, as applicable to corporate franchise taxes, runs from the time the franchise tax report is filed for all prior installment payments or whether the limitations period runs separately each time an estimated installment payment is made. For the reasons that follow, we find for appellant and hold that the limitations period commences when the annual corporation report is timely filed, or should have been filed, whichever is earlier.

R.C. 5733.12 stated, in pertinent part, that a corporation may obtain a refund, with interest, of the tax amount paid illegally or erroneously "* * * provided that in any event such application for refund must be filed with the commissioner within three years from the date of the illegal or erroneous payment of the tax." This three-year limitations period is absolute. *Coca-Cola Bottling Corp.* v. *Lindley* (1978), 54 Ohio St. 2d 1, 4 [8 O.O.3d 1].

The Tax Commissioner avers that the limitations period begins to run each time a payment is made regardless of whether such payment is an estimate or is based upon the amount adduced in the annual corporation report.

In evaluating the validity of the commissioner's position we are mindful that statutory ambiguities relating to tax refunds must be construed liberally in favor of the taxpayer. *Columbus Southern Lumber Co.* v. *Peck*

(1953), 159 Ohio St. 564, 568 [50 O.O. 457]; *Phoenix Amusement Co.* v. *Glander* (1947), 148 Ohio St. 592 [36 O.O. 224], paragraph one of the syllabus. The language in R.C. 5733.12 which stated a refund application must be filed within three years from the date of the illegal or erroneous payment is particularly ambiguous because while estimated franchise tax installment payments are still "payments," determination of these payments' illegality or erroneousness must logically await the filing of the taxpayer's final report. Moreover, pursuant to R.C. 5733.11, the commissioner is given three years from the date a *final franchise tax report is filed* to assess additional taxes which may be based on errors made in the filed report. It appears to us inequitable, if not illogical, to require the taxpayer to keep track of a plethora of limitations periods based upon estimated installment payments when the commissioner has three years from the date the final report is filed to make additional assessments based on the entire tax year.

Ultimately, the commissioner's position also fails to consider the underlying framework of the franchise tax collection procedure. An extension to file a franchise tax report, pursuant to R.C. 5733.13, is necessary to enable certain taxpayers to ascertain the exact amount of tax liability contingent on the preparation of their federal tax returns. Starting anew the limitations period each time an estimated installment payment is made thwarts the economies of tax compilation that this mechanism is designed to effectuate. Corporate taxpayers who timely file their final reports and who timely remit the tax due in estimated payments should not be denied a full three-year period to seek a refund of the final tax due in the report merely because they are required to remit their estimated tax before the report can be filed.

The commissioner's argument is premised upon two prior cases decided by this court. In one, *Lancaster Colony* v. *Lindley* (1980), 61 Ohio St. 2d 268 [15 O.O.3d 270], this court rejected the taxpayer's assertion that an assessment paid in 1975, for the 1972 report year, should reopen the entire report year for potential refund repayments. Rather, we concluded, at 271, based upon this court's decision in *Pelton* v. *Bemis* (1886), 44 Ohio St. 51, that " '[w]hen for the purpose of collection, an assessment is divided into two or more installments, payable annually or otherwise, the limitation of time in which the action can be brought, as provided in said section, begins to run against such installment from the time of its collection, and not from the collection of the last installment.' "

Although a penalty assessment was made on April 30, 1975 by the Tax Commissioner in *Lancaster Colony,* the subsequent payment and application for review and correction filed May 29, 1975 was directed at the April 30, 1975 assessment. It was not until February 6, 1976 that an amended application for review and correction was made with respect to the 1972 tax amount reported in the franchise tax report filed May 30, 1972. Lancaster Colony had thus filed three years and over eight months from the

time the 1972 corporate report was filed for those taxes actually paid in 1972—well outside the three-year limitations period.

In a second case, *Pelton* v. *Bemis, supra,* the installment payments (referred to later in *Lancaster Colony, supra*) occurred *after* the city of Cleveland made a street improvement assessment and did not involve estimated franchise tax payments pursuant to R.C. 5733.021(B). The total amount of the assessment was established *before* the installments were made.

In the instant cause, however, appellant's tax report was filed October 4, 1978. The second application for refund was filed June 24, 1981. Thus, the application was filed within three years of the time the annual corporation report was filed and is factually distinguishable from *Lancaster Colony.* Moreover, the first time the full 1978 franchise tax liability became known was at the time the corporate report was filed. Starting the limitations period from the report filing date is thus entirely in conformity with the underlying rationale of *Pelton* not to run limitations periods until an amount certain has been determined. In the instant cause, the first time the total amount of the assessment could have been established with any level of certainty was when the report was filed.

We therefore accept appellant's position and hold the requirement in R.C. 5733.12 that an application for refund of Ohio corporation tax be filed "within three years of the date of the illegal or erroneous payment of the tax" takes effect, as to estimated payments of the tax made in compliance with R.C. 5733.021(B), at the time the annual corporation report is timely filed or should have been filed, whichever is earlier.

Accordingly, the decision of the Board of Tax Appeals is reversed and the cause is remanded to the Tax Commissioner for further proceedings.

*Decision reversed.*

SWEENEY, HOLMES, C. BROWN and WRIGHT, JJ., concur.

CELEBREZZE, C.J., and DOUGLAS, J., dissent.

DOUGLAS, J., dissenting. I respectfully dissent because the majority opinion contradicts the holding of *Lancaster Colony* v. *Lindley* (1980), 61 Ohio St. 2d 268 [15 O.O.3d 270], and because it ignores the plain language of R.C. 5733.12, as that statute existed at the time appellant paid its tax, and sought its tax refund.

The issue in this case is whether an application for a corporate franchise tax refund must be filed within three years from the date the tax was paid, or whether it may be filed within three years from whichever of the following is earlier: (1) the date the annual corporate franchise tax report was filed, or (2) the date it should have been filed.

At the time appellant paid its corporate franchise tax and sought its refund, R.C. 5733.12, dealing with corporate franchise tax refunds, stated:

"* * * Applications [for tax refunds] shall be filed with the tax commissioner * * * within ninety days from the date it is ascertained that the assessment or payment was illegal or erroneous, provided that in any event *such application for refund must be filed with the commissioner within three years from the date of the illegal or erroneous payment of the tax.*" (Emphasis added.)

The majority, for reasons that are manifestly insufficient, finds that this statute "is particularly ambiguous" and causes "inequitable, if not illogical," results. The majority then concludes that the plain statutory language must be interpreted to mean something that it does not say, *i.e.,* that the refund application must be filed within three years from the date the annual corporate franchise tax report was filed, or should have been filed, whichever is earlier. Since the statute says the refund application must be filed within three years "* * * from the date of the illegal or erroneous payment * * *," I cannot agree with the majority's statutory interpretation.

In addition to disregarding the clear expression of legislative intent embodied in R.C. 5733.12, the majority has provided no acceptable basis for distinguishing *Lancaster Colony* v. *Lindley, supra,* from this case. In *Lancaster Colony,* the taxpayers made estimated corporate franchise tax payments in January and March 1972. In May 1972, they filed their corporate franchise tax report. On April 30, 1975, the Tax Commissioner issued an assessment, for tax year 1972, of $9,349.57. The taxpayers paid the assessment on May 29, 1975, and immediately filed a refund application. On February 6, 1976, the taxpayers filed an amended refund application for taxes they had remitted in 1972. The *Lancaster Colony* court held the refund application for the 1972 payments was not timely filed but that the refund application for the 1975 assessment was timely filed. The court stated at 270-271:

"Appellants [the taxpayers] contend that they are entitled to an entire refund for all overpayments for the 1972 report year, because they paid an assessment in 1975 and filed their application for refund within three years. Appellee [the Tax Commissioner] contends that the three years run separately from each remittance. Accordingly, since the 1972 remittances were made more than three years prior to the application for a refund, the application for the refund of $94,852.16 [paid in 1972] is not timely, whereas the application for the refund of the 1975 assessment of $9,349.57 is timely.

"We find merit in appellee's [Tax Commissioner's] contention.

"R.C. 5733.12 does not address itself to when the entire tax liability is extinguished, but rather it concerns itself with the date of the 'illegal or erroneous payment.' * * *

"* * *

"This court * * * determines that the three-year limitation of R.C. 5733.12 *begins to run anew against each illegal and erroneous payment.*" (Emphasis added.)

8

For the foregoing reasons, I would hold that, pursuant to R.C. 5733.12, as it existed at the time the refund herein was sought by appellant, applications for corporate franchise tax refunds must be filed with the Tax Commissioner within three years from the illegal or erroneous payment of the tax. Accordingly, I would affirm the decision of the Board of Tax Appeals.

CELEBREZZE, C.J., concurs in the foregoing dissenting opinion.