### Kaiser Engineers, Inc. v. Limbach
*[Cite as 8 AOA 525]*

*Case No. 90AP-329*
*Franklin County, (10th)*
*Decided December 6, 1990*

*Brett Barenholtz, Harold J. Heltzer and William L. Neff, Crowell & Moring, for Appellant.*

*Anthony J. Celebrezze, Jr., Attorney General, and Richard C. Farrin, for Appellee.*

BRYANT, J.

Appellant-appellant, Kaiser Engineers, Inc., appeals a judgment of the Ohio Board of Tax Appeals affirming the tax commissioner's denial of appellant's claim for a refund of a portion of its 1980 franchise tax.

On May 18, 1983, appellant filed an application for a refund of its 1980 franchise tax. Appellant calculated its 1980 franchise tax overpayment at $116,689, but, based on the tax commissioner's interpretation of the statute of limitations involved, requested a refund of only $85,016 in compliance with R.C. 5733.12(B)(1). Specifically, under the tax commissioner's interpretation of the applicable three-year statute of limitations contained in R.C. 5733.12(B) (1), recovery of $31,673 of appellant's overpayment was barred, as payment of that amount was made prior to May 18, 1980. On June 14, 1985, the tax commissioner issued a certificate of final determination stating "the applicants shall be refunded $84,889 in the manner provided by R.C. 5733.12, plus appropriate interest as provided by R.C. 5733.26." No appeal was taken from the tax commissioner's ruling. On May 22, 1985, appellant executed a letter of final disposition and received its refund.

Subsequent to the payment of appellant's refund, the Supreme Court of Ohio decided *Hanna Mining Co. v. Limbach* (1985), 20 Ohio St. 3d 3, and held that the three-year statute of limitations under R.C. 5733.12 runs from the date the franchise tax return was filed rather than the date of payment. Based on that ruling, appellant filed an amended application for a corporate tax refund. In this application, dated February 7, 1986, appellant requested a refund of the remaining $31,673 of its 1980 overpayment. The commissioner denied appellant's application as barred by the three-year statute of limitations. The Ohio Board of Tax Appeals affirmed the commissioner's ruling. Appellant

appeals to this court, assigning the following error:

"Appellant assigns as error the determination by the Tax Commissioner and the affirmation by the Board of Tax Appeals that Appellant's request for a franchise tax refund is barred by the limitations period of Ohio Revised Code section 5733.12(B)(1)."

Pursuant to this single assignment of error, appellant argues that the second refund claim dated February 7, 1986 was not barred by the statute of limitations; that the application of February 7, 1986 was simply an amendment.to the original application of May 18, 1983 and should relate back to that date for the purpose of tolling the statute of limitations. Appellant seeks support for its contention in the United States Supreme Court decisions of *United States v. Memphis Cotton Oil Co.* (1933), 288 U.S. 62, and *United States v. Andrews* (1938), 302 U.S. 517.

In *Memphis Cotton,* the taxpayer's original refund claim lacked the required definiteness. Nevertheless, the commission without knowledge of the defect proceeded with its investigation and concluded that an overpayment had been made, only to later discover that the original refund claim had been irregular in form. Despite the fact that the statute of limitations had run, the court permitted the defect in the original claim to be cured by an amendment. Hence, *Memphis Cotton* indicates that where a timely general claim is filed, and a subsequent, specific claim follows, *before rejection, or a refund of the same taxes,* the latter is an amendment to the former, and the two become but a single, indivisible claim. *United States v. Richards* (C.A.6, 1935), 79 F. 2d 797, at 799.

In *Andrews,* the taxpayer made a timely claim for overpayment of income taxes paid for a single tax year. During the pendency of this application but after expiration of the two-year limitation period, the taxpayer sought to amend by including another overpayment for the same year. The court held that the second claim was not properly an amendment to the first, but a separate claim based on a new and *unrelated* ground, and was barred by the statute. *Id.* at 520.

The above-cited Supreme Court authority clearly identifies two separate and distinct aspects of a successful amendment to a prior refund claim: "timeliness" and "relatedness." To be timely, an amendment must be filed before the original claim is rejected, allowed, adjusted, or otherwise disposed of. *Memphis, supra;* in accord *Solomon v. United States* (C.A.2, 1932), 57 F. 2d 150; *New, York Trust Co. v. United States* (C.A.2, 1937), 87 F. 2d 889; *Edwards v. Malley* (C.A.1, 1940), 109 F. 2d 640. To be "related," the amendment must be based on essentially the same grounds as the original claim, and require the finding of no additional facts. See, *e.g., Andrews, supra; New York Trust Co., supra; United States v. Factors Finance Co.* (1933), 288 U.S. 89.

Appellant's brief confines itself almost exclusively to a discussion of the relatedness aspect of the amended refund claim; and appellant may be correct in its assertion that its second refund claim is "related" to the original claim because it merely increases the amount of refund demanded on the basis of the same facts and grounds stated in the original claim. See, *e.g., F.W. Woolworth Co. v. United States* (C.A.2, 1937), 91 F. 2d 973, certiorari denied 302 U.S. 768. *Richards, supra.* However, even if we assume that the claims are related, appellant's argument overlooks the timeliness aspect of a successful amended claim. Appellant has cited no cases where an amended refund claim, filed after termination of the original claim, has been held to relate back to the original claim for the purpose of tolling the statute of limitations.

Appellant suggests that *American Land Corp. v. Lindley* (Apr. 17, 1980), Ohio Board of Tax Appeals No. 79-E-78, slip opinion, supports its contention that if a second claim is related to the original claim it will be deemed timely. In *American Land,* the taxpayer had made one refund application for taxes paid in 1975. A second claim for 1975's taxes was made while the original claim was pending but after the expiration of the three-year limitations. The syllabus of the opinion states:

"*** Since the basis of the second claim was not related to that of the first claim, the second claim did not constitute a timely amendment to the original claim and therefore was not filed within the statutory period."

A cursory reading of this language suggests a fusion of the timeliness and relatedness aspects of the federal rule. However, in the body of the opinion, the board clearly maintained the distinction between these two

aspects. Citing *Memphis Cotton,* the board recognized the federal case law history for examining and testing refund claims and stated that "[t]wo federal standards applicable to this situation are: the standard of timeliness and the standard of relatedness." With respect to the timeliness of the amendment, the board found that under *Memphis Cotton* the amendment was timely since it was filed before final disposition of the original claim by the tax commissioner. However, the board went on to find that the amendment was unrelated to the original refund claim and was barred by the three-year provision of R.C. 5733.12. Appellant's reliance on *American Land* is misplaced.

Indeed, in *Coca Cola Bottling Co. v. Lindley* (1978), 54 Ohio St. 2d 1, the Supreme Court of Ohio held that the language of R.C. 5733.12 is mandatory and all inclusive; and that applications must be filed within three years, and must be timely in any event. Despite this holding, appellant argues that their voluntary compliance within the commissioner's mistaken interpretation of R.C. 5733.12 excepts them from this statutory mandate. Appellant cites the related cases of *Lakengren, Inc. v. Kosydar* (1975), 44 Ohio St. 2d 199, and *Lancaster Colony Corp. v. Lindley* (1980), 61 Ohio St. 2d 268, in support of its argument. In *Lancaster Colony,* the Supreme Court allowed an amendment of a pending application for review and correction of a franchise tax payment, given their decision in *Lakengren* changing the calculation method from "net income" to "net worth." In doing so, the Supreme Court merely recognized that a subsequent change in the law may effectuate a larger refund for a taxpayer pursuant to a *timely filed* amended application. Significantly, the Supreme Court refused to allow the change in the law to extend the limitations period provided in R.C. 5733.12.

In the final analysis, appellant has failed to timely avail itself of the remedies provided in law and is precluded from doing so now. Appellant's sole assignment of error is overruled, and we affirm the decision of the Board of Tax Appeals.

*Judgment affirmed.*

REILLY, P.J., and YOUNG, J., concur.