LEE, APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Lee v. Tracy* (1995), 71 Ohio St.3d 572.]

(No. 94–816—Submitted December 15, 1994—Decided March 1, 1995.)

O. *Lee, pro se.*

*Betty D. Montgomery,* Attorney General, and *Steven L. Zisser,* Assistant Attorney General, for appellee.

*Per Curiam.* We affirm the BTA's decision.

Former R.C. 5747.11 sets forth the statute of limitations for applying for refunds of income tax:

"(A)(1) The tax commissioner shall refund to employers or taxpayers, with respect to any tax imposed under this chapter or Chapter 5748. of the Revised Code:

"(a) Overpayments of more than one dollar;

"(b) Amounts in excess of one dollar paid illegally or erroneously;

" * * *

"(2) Applications for refund shall be filed with the tax commissioner, on the form prescribed by him, as follows:

"(a) Within four years from the date of the illegal, erroneous, or excessive payment of the tax * * *."

In *Hanna Mining Co. v. Limbach* (1985), 20 Ohio St.3d 3, 20 OBR 76, 484 N.E.2d 691, syllabus, we interpreted similar language contained in R.C. 5733.12, the statute controlling refunds of franchise tax, and ruled:

"The requirement in R.C. 5733.12 that an application for refund of Ohio corporation tax be filed 'within three years of the date of the illegal or erroneous payment of the tax' takes effect, as to estimated payments of the tax made in compliance with R.C. 5733.021(B), at the time the annual corporation report is timely filed or should have been filed, whichever is earlier."

We reasoned, *id.* at 5, 20 OBR at 77–78, 484 N.E.2d at 693, that a taxpayer cannot actually determine that it has illegally or erroneously paid the tax until it files its final report. Furthermore, this reading balances the taxpayer's relief with the commissioner's power to assess, under R.C. 5733.11, additional taxes, based on errors in the filed report. The commissioner may issue assessments three years from the date the final franchise tax report is filed. Finally, we noted that a corporate taxpayer does not receive a full three-year period to seek a refund if the statute begins to run when it files each estimated tax payment.

We rule the same here. R.C. 5747.11 empowers the commissioner to refund illegal, erroneous, or excessive payments of income tax if the taxpayer files an application for refund within four years from the date when a return is timely filed or should have been filed. Thus, Lee had until April 15, 1991, four years from the due date of his 1986 income tax return, R.C. 5747.08(G), to apply for a refund. Since he failed to so apply, the commissioner correctly dismissed his refund application, and the BTA appropriately affirmed the commissioner's order.

Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.