DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Mehdi Touraji, appeals from the judgment of the Barberton Municipal Court convicting him of failing to maintain an assured clear distance in violation of Green City Ordinance § 434.03. This Court dismisses the appeal as moot.
 I. {¶ 2} On March 15, 2003, Appellant was involved in an automobile accident with a vehicle driven by Brandon R., a minor. At trial, Brandon and his passenger testified that the car they were in was struck by Appellant's car while they were making a right hand turn. The Summit County Sheriff's Deputy that arrived on the scene also testified. Deputy Schneckenburger noted that he took verbal statements from the teenagers and a written statement from Appellant. Deputy Schneckenburger testified that based upon the information he was provided and his own review of the accident scene, he cited Appellant for failing to maintain an assured clear distance.
 {¶ 3} Appellant pled not guilty to the charge and proceeded to a bench trial. After his trial, Appellant was found guilty of failing to maintain an assured clear distance, a violation of Green City Ordinance § 434.03. Appellant was fined $100.00 plus court costs. On June 27, 2003, Appellant paid these costs in full. Appellant timely appealed the judgment of the trial court, raising two assignments of error.
 II. ASSIGNMENT OF ERROR I
"Appellant's conviction for failing to maintain an assured clear distance was predicated upon facts not presented at trial and upon which appellant had no opportunity to be heard."
 ASSIGNMENT OF ERROR II
"Appellant's conviction for obstructing official business (sic) was against the manifest weight of the evidence in violation of Article IV, section 3, of the Ohio Constitution."
 {¶ 4} In his assignments of error, Appellant contends that the trial court erred in conducting a visit to the accident site without notifying Appellant and that his conviction was against the manifest weight of the evidence. This Court need not reach the merits of Appellant's assignments of error because his appeal is moot.
 {¶ 5} "When a defendant convicted of a misdemeanor offense satisfies the judgment by serving the sentence and paying the fine, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that the defendant will suffer some collateral legal disability or loss of civil rights stemming from that conviction." NorthRidgeville v. Kingsboro (Jan. 2, 2002), 9th Dist. Nos. 01CA007809 01CA007810, citing State v. Berndt (1987),20 Ohio St.3d 3, 4. Appellant bears the burden of demonstrating that he has a "substantial stake in the judgment of conviction." Statev. Wilson (1975), 41 Ohio St.2d 236, 237.
 {¶ 6} This Court's careful review of the record indicates that Appellant did not request a stay of the judgment against him. Rather, Appellant voluntarily paid his fine in full. Furthermore, we find no mention in Appellant's brief or in the record of any claim of collateral disability or loss of civil rights arising from his conviction. Id. at 238. As such, Appellant's appeal from his conviction for failing to maintain an assured clear distance is moot.
 III. {¶ 7} Appellant's assignments of error are moot and the appeal is hereby dismissed.
Appeal dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Whitmore, J. Concur.