DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, M.K., a juvenile, has appealed from the judgment of the Summit County Court of Common Pleas, Juvenile Division finding her to be a juvenile traffic offender. This Court dismisses the appeal as moot.
 I {¶ 2} Appellant, a sixteen-year-old juvenile, was involved in an automobile accident on December 14, 2003. As a result of the accident, she was cited for failure to yield the right of way. Appellant's initial hearing was set for January 27, 2004. Through written communication, Appellant's attorney entered a "not guilty" plea on her behalf, and no court appearance was necessary. Appellant's next hearing, scheduled for February 17, 2004, was continued by stipulation of the parties.
 {¶ 3} Following discovery and another pretrial hearing, Appellant filed her motion to dismiss on April 7, 2004. In her motion, Appellant alleged that the State had not complied with the speedy trial provision of R.C. 2945.71 and the speedy trial provisions contained in the U.S. and Ohio Constitutions. The trial court denied Appellant's motion on April 14, 2004. On April 15, 2004, a hearing was held before the magistrate, who found Appellant to be a juvenile traffic offender. Appellant objected to the findings of the magistrate, arguing that the decision was against the manifest weight of the evidence. On May 27, 2004, the trial court overruled Appellant's objections, and adjudicated Appellant a juvenile traffic offender. Appellant was fined $25.00 plus court costs, which she promptly paid. Appellant has timely appealed, raising one assignment of error.
 II Assignment of Error Number One
"The trial court erred in determining that [appellant] received her constitutional right to a speedy trial after determining that [R.C.] 2945.71 does not apply to juveniles."
 {¶ 4} In her sole assignment of error, Appellant has argued that her right to a speedy trial was violated. Specifically, Appellant has averred that the trial court erred in its determination that Appellant received a speedy trial despite not being brought to trial within the time mandates set forth in R.C. 2945.71. However, this Court need not reach the merits of Appellant's assignments of error because her appeal is moot.
 {¶ 5} "When a defendant convicted of a misdemeanor offense satisfies the judgment by serving the sentence and paying the fine, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that the defendant will suffer some collateral legal disability or loss of civil rights stemming from that conviction." North Ridgeville v. Kingsboro (Jan. 2, 2002), 9th Dist. Nos. 01CA007809 01CA007810, citing State v. Berndt (1987),20 Ohio St.3d 3, 4. In addition, this Court has held that the above doctrine also applies in the juvenile context. In re Zindle (1995),107 Ohio App.3d 342, 345, n. 1. In such situations, Appellant bears the burden of demonstrating that she has a "substantial stake in the judgment of conviction." State v. Wilson (1975), 41 Ohio St.2d 236, 237, certiorari denied (1975), 423 U.S. 936, 96 S. Ct. 295, 46 L. Ed.2d 268.
 {¶ 6} This Court's careful review of the record indicates that Appellant did not request a stay of the judgment against her. Rather, Appellant voluntarily paid her fine in full. Furthermore, we find no mention in Appellant's brief or in the record of any claim of collateral disability or loss of civil rights arising from her adjudication as a juvenile traffic offender. See Wilson, 41 Ohio St.2d at 238. As such, Appellant's appeal from her adjudication as a juvenile traffic offender is moot.
 III {¶ 7} Appellant's sole assignment of error is moot and the appeal is hereby dismissed.
Appeal dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Batchelder, J. Concur.