DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Defendant-Appellant Merle Belford has appealed from the decision of the Akron Municipal Court that found him guilty of failure to control his vehicle. This Court dismisses the appeal as moot.
 I {¶ 2} On May 27, 2005, Defendant-Appellant Merle Belford was issued a traffic citation for reckless operation of a motor vehicle in violation of Akron City Code 73.10. Appellant appeared in Akron Municipal Court and entered a "not guilty" plea to the citation.
 {¶ 3} Prior to trial, the charge was amended to failure to control, in violation of Akron City Code 73.13(A), a minor misdemeanor. A trial commenced on August 29, 2005 and on September 27, 2005 the trial court found Appellant guilty. Appellant was ordered to pay a fine and court costs. The trial court docket and court jacket show that Appellant paid his fine and court costs the same day the trial court rendered its decision.
 {¶ 4} Appellant has appealed the trial court's decision, asserting two assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY REQUIRING EXPERT TESTIMONY TO PROVE APPELLANT'S AFFIRMATIVE DEFENSE OF `BLACKOUT.'"
 Assignment of Error Number Two
"THE TRIAL COURT'S JUDGMENT THAT APPELLANT HAD NOT PROVED HIS AFFIRMATIVE DEFENSE OF `BLACKOUT' AND (SIC) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO APPELLANT'S PREJUDICE."
 {¶ 5} In his two assignments of error, Appellant has argued that the trial court erred when it required expert testimony to prove his affirmative defense of a blackout and when it determined he had not established his "blackout" defense. This Court need not reach the merits of Appellant's assignments of error because his appeal is moot.
"When a defendant convicted of a misdemeanor offense satisfies the judgment by serving the sentence and paying the fine, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that the defendant will suffer some collateral legal disability or loss of civil rights stemming from that conviction." North Ridgeville v.Kingsboro (Jan. 2, 2002), 9th Dist. Nos. 01CA007809 
01CA007810, at 2, citing State v. Berndt (1987),20 Ohio St.3d 3, 4.
Furthermore, an appellant bears the burden on appeal of demonstrating that he has a "substantial stake in the judgment of conviction[.]" State v. Wilson (1975), 41 Ohio St.2d 236, 237.
 {¶ 6} Our review of the record shows that even though the trial court informed Appellant it would stay its decision if Appellant appealed, Appellant voluntarily paid the fine and court costs in full.[1] Additionally, the record and Appellant's brief are void of any claims of collateral disability or loss of civil rights arising from his conviction. See Id. at 238. Accordingly, Appellant's appeal from his conviction of failure to control is moot.
 III {¶ 7} Appellant's two assignments of error are moot and the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Boyle, J. concur.
[1] When questioned on this issue at oral argument, Appellant did not dispute the payments.