I write separately to address the mootness issue presented herein. First, at the time this matter was scheduled for oral argument, it was clear that the defendant paid his fine and completed his sentence. In addition, no evidence had been offered from which it could be inferred that the defendant would suffer some collateral disability or loss of civil rights. It was therefore clear to me in May, 1999 that this matter should be dismissed as moot. But because the oral argument in this matter was waived, the other panel members chose not to address the matter from the record, and therefore asked the defendant to "show cause" why this matter should not be dismissed. Because the record as originally submitted demonstrated that this matter was moot, I declined to participate in the order instructing defendant to show cause why the appeal should not be dismissed. Now, at this late date, and after further expenditures of fees and time, we are left with the same result which should have been reached in May.
On February 11, 1993, defendant was charged with assault upon a police officer and resisting arrest. The matter proceeded to trial on December 11, 1997,[1] and defendant was ultimately convicted of both offenses. For the offense of assaulting a police officer, defendant was fined $1,000 plus costs and sentenced to 180 days incarceration, and $700 of the fine and 177 of the days were suspended. For the offense of resisting arrest, defendant was fined $750 plus costs and sentenced to 90 days incarceration, and $650 of the fine and 90 days were suspended. Defendant was also placed on active probation for one year. The record further reflects that defendant paid a total of $991 in both matters for fines and/or costs and was remanded to the Cleveland Work House for three days. Defendant now challenges that conviction.
The Supreme Court set forth the test for mootness in State v.Berndt (1987), 29 Ohio St.3d 3, 4, as follows:
 This court has held that "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." State v. Wilson (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, syllabus. The burden of presenting evidence that he has such a Irsubstantial stake in the judgment of conviction" is upon the defendant. Id. at 237, 70 O.O.2d at 432. 325 N.E.2d at 237. Thus, this appeal is moot unless appellee has at some point in this proceeding offered evidence from which an inference can be drawn that appellee will suffer some collateral legal disability or loss of civil rights.
In this case, the record clearly demonstrated that defendant paid in full the fine imposed by the court and his year of active probation ended on December 11, 1998. The record also indicates that defendant was remanded to the Cleveland Work House for three days, the total amount of his sentence which was not suspended. Since defendant completed the terms of his sentence and the record fails to contain any evidence from which an inference may be drawn that he will suffer some collateral legal disability or loss of civil rights, his appeal is moot. State v. Berndt, supra;State v. Wilson, supra. Moreover, it is clear that legal disabilities and restrictions are not imposed following the conviction for misdemeanor offenses and conviction for these offenses do not ordinarily result in harm to the reputation and impairment of economic and social opportunities. See State v.Golston (1994), 71 Ohio St.3d 224, 227.
[1] capias was ordered after defendant failed to appear in court on May 18, 1993. A bond forfeiture judgment was entered at this time.