236

THE STATE OF OHIO, APPELLEE, *v.* WILSON, APPELLANT.

(No. 74-390—Decided March 26, 1975.)

*Mr. Thomas A. Luebbers,* city solicitor, *Mr. Paul J. Gorman* and *Mr. J. Anthony Sawyer,* for appellee.

*Messrs. Graham, Schaeffer & Beck* and *Mr. Linder J. Beck,* for appellant.

STERN, J. The sole question before this court is whether the payment of a fine and costs in a criminal case renders the conviction moot, so as to preclude review of attack on the conviction or sentence.

The issue of mootness of a criminal case arises only if it is shown that there is no possibility that any collateral legal consequences will be imposed upon the basis of the challenged conviction. Cf. *St. Pierre* v. *United States* (1943), 319 U. S. 41; *Fiswick* v. *United States* (1946), 329 U. S. 211, 222. In the case at bar, appellant has failed to show that he has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed on him.

There have been a number of cases decided in which the serving of a sentence did not render a case moot because the conviction, if allowed to stand, would result in collateral disabilities such as a loss of civil rights. *United States* v. *Morgan* (1954), 346 U. S. 502; *Byrnes* v. *United States* (C. A. 9, 1969), 408 F. 2d 599; *Carafas* v. *LaVallee* (1968), 391 U. S. 234 (under state law as result of conviction defendant could not engage in certain businesses, could not serve as an official of a labor union, could not vote in elections, could not serve as a juror); *Cordle* v. *Woody* (D. C. Va. 1972), 350 F. Supp. 479 (prisoner was eligible for parole on another sentence and misdemeanor conviction might have adverse effect on granting of such parole); *Street* v. *New York* (1969), 394 U. S. 576, n. 3 (defendant's employer had instituted proceedings which might result in suspending defendant from work without pay if conviction stood); *Fiswick* v. *United States, supra,* 329 U. S. 211 (conviction of an alien could weaken his defense to a deportation proceeding and subject him to the loss of certain civil rights); *Avon* v. *Popa* (1953), 96 Ohio App. 147, 150, (it appeared that the fine and costs were paid involuntarily, as under duress to prevent imprisonment).

The record in this case nowhere suggests that the defendant contended at the time of trial, or at any stage of the appellate proceedings, that the payment of the fine and costs would result in any collateral disability which would in any manner affect his civil rights.

At the time of trial, the trial court asked the defendant if the conviction in this case would prevent him from going into the military. No answer was made which would support any such claim. After the judgment assessing the fine and costs, the state's attorney, addressing defendant's counsel, asked:

"Mr. Sawyer: Mr. Beck, I don't know if you want to appeal the case, do you have any objection to releasing the knife to the custody of the police officer? Mr. Beck: 'No.' "

In defendant's memorandum filed in the Court of Appeals in opposition to the state's motion to dismiss the appeal on the basis of mootness, defendant's counsel made no mention of any claimed disability to his client as a result of the conviction.

On oral argument before this court, in response to a question from the bench, defendant's counsel stated that he has neither talked to nor seen the defendant since the trial in the Municipal Court.

It is our holding that where a defendant has voluntarily paid a fine in satisfaction of a judgment, evidence must be offered from which an inference can be drawn that he suffers some collateral disability apart from the sentence (in which event the defendant holds a sufficient stake in the judgment to raise a challenge thereto), in order for the defendant to have a right of appeal.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN and P. BROWN, JJ., concur.
HERBERT, J., concurs in the judgment.
CELEBREZZE and W. BROWN, JJ., dissent.

HERBERT, J., concurring in the judgment. It seems to me that judicial notice can be taken of the "collateral disability" which accompanies the acquisition by an adult of a criminal record, and that such harm is of sufficient magnitude to overcome a charge of mootness.

The facts here narrowly support an affirmance of the

judgment upon the basis of a waiver of the right to appeal, made by this defendant through his retained counsel, and I would prefer that our holding in this case turn upon that hypostasis.

CELEBREZZE, J., dissenting. The majority opinion states that: "The issue of mootness of a criminal case arises only if it is shown that there is no possibility that any collateral legal consequences will be imposed upon the basis of the challenged conviction." That is an acceptable premise.

However, the majority opinion goes on to say: "In the case at bar, appellant has failed to show that he has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed on him."

It is at this juncture and from the conclusion drawn, that we part company.

While the majority find no claim of disability in appellant's reply to the motion to dismiss in the Court of Appeals, the principal citation relied upon in the appellant's brief and the majority opinion contains the following decisive language:

"In answering a claim that, after the payment imposed, the matter becomes moot, we refer to the statement of Holmes, J., set out above. *The disgrace and legal discredit remain. It would seem that, in holding the matter moot, we are forgetting the public morals and citizenship aspects of a criminal conviction;* that we are placing a criminal case in the same category as a civil case. The claim of moot we believe to be untenable." *Avon* v. *Popa* (1953), 96 Ohio App. 147, 151. (Emphasis added.)

The above quotation points directly to the question of the collateral consequences argument fortified by the rulings of the United States Supreme Court cases modifying *St. Pierre* v. *United States* (1943), 319 U. S. 41.

In *Sibron* v. *New York* (1968), 392 U. S. 40, 57, the court said:

"*St. Pierre* v. *United States, supra,* must be read in light of later cases to mean that a criminal case is moot

*only if it is shown* that there is *no possibility* that any collateral legal consequences will be imposed on the basis of the challenged conviction." (Emphasis added.)

I fail to perceive in the instant case that "* * * there is no possibility that any collateral legal consequences will be imposed."

This novel requirement by the majority, that appellant alleges such consequences, appears to this writer to have been conclusively satisfied by his memorandum in the Court of Appeals and this court's requirement seems of dubious validity after *Sibron, supra,* and cases cited therein. 392 U. S. 40, 51-55. See, also, *Carafas* v. *LaVallee* (1968), 391 U. S. 234, and cases cited at page 237.

I can only conclude from the foregoing that the issues in the instant case were not moot and that the appeal should have been allowed.

The reason stated in the concurring opinion in support of the affirmance "upon the basis of a waiver of the right of appeal," lacks foundation.

The record shows that the sentence was imposed without mention of any right to appeal. Past decisions of this court make this conclusion extremely tenuous where there is nothing to disclose that the defendant had any knowledge of this basic right nor was he advised of same.

The judgment in this case should be reversed and the cause remanded to the Courts of Appeals for its consideration.

W. Brown, J., concurs in the foregoing dissenting opinion.