JOURNAL ENTRY AND OPINION
Defendant-appellant Michael T. Chambers was arrested on October 29. 1997 and charged in the Lakewood Municipal Court with driving while under the influence of alcohol, in violation of Lakewood codified ordinance section 333.01 (a). Chambers moved to suppress the field sobriety test results that caused Officer Beno to arrest him. The court held an evidentiary hearing on May 1, 1998 and denied Chambers' motion on June 15. 1998. On August 7, 1998. Chambers entered a plea of no contest to the charge. Chambers was sentenced on September 9, 1998, and appealed on October 7, 1998. His appeal complains that the trial court improperly restricted his cross-examination of the arresting officer during the suppression hearing.[1] Because it appears that the terms of Chambers' sentence have been satisfied or have otherwise expired, his appeal is moot and we are bound to dismiss it.
Ohio law establishes that when a defendant convicted of a misdemeanor offense does not resist the judgment imposed but instead voluntarily satisfies the judgment by serving the sentence and paying the fine, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that the defendant will suffer some collateral legal disability or loss of civil rights stemming from that conviction. See State v. Berndt (1987), 29 Ohio St.3d 3; State v. Wilson (1975), 41 Ohio St.2d 236, cert. denied, 423 U.S. 936. The defendant bears the burden of presenting evidence that he has a "substantial stake in the judgment of conviction." Wilson,41 Ohio St.2d at 237.
In the case at hand, Chambers was convicted of violating Lakewood Codified Ordinance section 333.01 (a). Lakewood's ordinance classifies this offense as a first-degree misdemeanor. See Section 333.01 (g). On September 8, 1998. Chambers was sentenced to ten days in jail, with all ten days suspended because of lack of jail facilities. He was fined $750, but $250 was suspended. At oral argument before us, the parties confirmed that Chambers had paid the remaining $500 fine. The court placed Chambers on one year inactive probation, and ordered Chambers to attend three MADD seminars within three months and complete twenty-four hours of community work service as conditions of his probation. In answer to questions we raised during oral argument, the parties confirmed that Chambers' probation had not been extended and thus presumably expired on September 8, 1999. We likewise assume that all other terms of Chambers' sentence were satisfied or otherwise expired before September 8, 1999.
The record does not indicate that Chambers took any steps to resist the judgment imposed. Because it appears Chambers has fulfilled the terms of his sentence and there has been no showing that this misdemeanor conviction caused Chambers to suffer a collateral legal disability or loss of civil rights, we have no alternative but to find his appeal moot. Accordingly, the appeal is hereby dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and KENNETH A. ROCCO, J.,CONCUR.
 _________________________________ DIANE KARPINSKI PRESIDING JUDGE
[1] His single assignment of error stated:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO ALLOW THE APPELLANT TO CROSS-EXAMINE OFFICER BENO ON THE ISSUE OF WHETHER HE PROPERLY INSTRUCTED AND EVALUATED THE FIELD SOBRIETY TESTS THAT HE USED TO DETERMINE THAT PROBABLE CAUSE EXISTED TO ARREST THE APPELLANT.