OPINION
Plaintiffs-Appellants Kristian Siemon and his father, Brian Siemon, (hereinafter referred to by their first names) are appealing an entry from the Clark County Court of Common Pleas sustaining a motion to quash filed by Defendants-Appellees, Northwestern Local School District Board of Education (hereinafter "the Board"), and finding that the administrators at Northwestern High School did not abuse their discretion in giving Kristian a three-day suspension for violating Northwestern's Student Code of Conduct.
Due to inadequacies in the record, we will do our best to create an accurate representation of the facts and procedural history of this case. We gleaned the following description of events leading to Kristian's suspension from the Board's brief filed on August 31, 2000, which the trial court considered in making its final decision. On May 3, 2000, during school hours and while on Northwestern's property, Kristian, who was a full-time high school senior in good academic standing, defecated into a plastic bag and took the plastic bag outside to the school parking lot with the intent of smearing his feces on the outside of another student's automobile. Somehow, Kristian "convinced" another student to smear the feces on the automobile.
An investigation was performed on May 4, 2000 by the Assistant Principal. At that time, Kristian admitted coming up with the idea, defecating into the plastic bag, taking the bag into the parking lot with the intent of smearing its contents on another student's automobile, and then convincing a friend to perform the act. Following an interview with Principal Mark Bailey on May 4, 2000, Kristian left school premises and did not return. Principal Bailey met with Kristian's parents later that afternoon and informed them of what had occurred. He told Kristian's parents that Kristian was going to be suspended for three days for damaging property, abuse of others, and leaving school premises without permission. At that time, Kristian's parents asked Principal Bailey to further investigate the matter. Upon that request, Principal Bailey re-interviewed the students who had been interviewed by the Assistant Principal.
When Kristian arrived at Northwestern on May 5, 2000, Principal Bailey presented him with the written notice of intent to suspend. The notice stated that Kristian would receive a three-day suspension from all in-school and extra-curricular activities for May 5, 2000 through May 9, 2000. When Kristian's parents arrived at Northwestern to take him home, Principal Bailey provided them with a written notice of Kristian's suspension. At that time, Kristian's parents stated that they wanted to exercise their right to appeal, as provided for on the notice of suspension. At 9:15 a.m., Brian, Brian's attorney and Superintendent Breyer engaged in a meeting. During that meeting, Brian and his attorney explained that if Kristian was permitted to go to the senior prom on May 6, 2000, they would drop the appeal. Nonetheless, because the Siemons had no other evidence or information to provide regarding the May 3, 2000 incident, Superintendent Breyer upheld the three-day suspension. Kristian served his suspension during May 5, 2000 through May 9, 2000, and he graduated from Northwestern in June of 2000.
We note that no formal record was made of the meetings between the Northwestern administrators and the Siemons.
On May 5, 2000, the Siemons filed a complaint in the Clark County Court of Common Pleas for injunctive relief and appeal pursuant to R.C. 2506.01. The complaint sought to prevent Kristian from receiving an "unjustified suspension" for violating the Student Code of Conduct. The Siemons asserted that the procedures followed had resulted in a denial of due process of law and equal protection, and that they had suffered a violation under 42 U.S.C. § 1983. They claimed that they had been denied an adequate hearing, and that the Board's application of the rules had resulted in the "unequal" punishment of Kristian, such that his punishment was more severe than others "similarly situated." The complaint further asserted that the Siemons had suffered "irreparable harm" resulting from the suspension, because Kristian was unable to participate in classes, examinations, athletic programs or other extracurricular activities that fell within the three day period, in particular, the high school prom. We note that the complaint contained several procedural flaws. The trial court overruled the motion for injunctive relief on June 30, 2000.
On July 14, 2000, the Board filed a notice of filing record pursuant to R.C. 2506.02. Attached to the notice were several sections of Northwestern's Policy Manual, the Student Handbook, the Notice of Intent to Suspend Kristian, Principal Bailey's letter to Kristian's parents notifying them of Kristian's suspension and Superintendent Fred Breyer's letter to Kristian's parents affirming Bailey's decision to suspend.
The Siemons filed a motion for a hearing and an affidavit of omission on July 28, 2000 pursuant to R.C. 2506.03. The Siemons alleged that no hearing had occurred, a request to continue the appeal had been denied, no witnesses had been called, no court reporter had been present to take a verbatim record, and the Siemons had not been given an opportunity to present a defense. Brian's affidavit of omission, signed without proper notarization, stated that Principal Bailey had informed him on May 4, 2000 that Kristian was going to be suspended from Northwestern for three days, and that Brian was concerned that Kristian would miss his senior prom.
The Board filed a response to the Siemons' motion and affidavit of omission, asserting that it had met the statutory requirements for due process, and that the Siemons had not submitted sufficient evidence to comply with R.C. 2506.03 by indicating a reasonable likelihood that the outcome of the suspension would have been different had the Siemons been given the ability to present additional evidence.
The trial court overruled the Siemons' request for an evidentiary hearing, and the parties were ordered to brief the issues. The Board filed its brief, containing a statement of the case, facts and relevant issues. In response, the Siemons filed a motion which simply submitted "additional documentation" including an affidavit by Kristian and an outside pass. Kristian's affidavit provides the only dispute in the record to the Board's version of the facts with the single statement of "The individual that gave me the bag which lead to my suspension was Joe Pickarsi."
The Board filed a motion to quash, which the trial court sustained on September 18, 2000. In its decision, the trial court noted that Kristian admitted to violating the rules of conduct, and that the Board had complied with the due process requirements. The trial court affirmed the Board's decision to suspend Kristian based upon a finding that the Board had not abused its discretion and that its decision was supported by substantial, reliable and probative evidence.
The Siemons now appeal that decision, asserting one assignment of error for our review.
 I. The trial court erred by affirming Appellees' suspension of Appellant from school without due process, a fair hearing, or a verbatim record[.]
In reviewing the transcript, it is apparent that the record is devoid of evidence regarding whether the Board did, in fact, abide by due process requirements. Accordingly, we reverse the trial court's decision based upon the lack of evidence in the record, and we hereby remand the matter to the trial court for a full hearing to determine the validity of the Siemons' claims.
However, we note that based upon representations of the Board made during oral arguments, the matter may be moot. Kristian served his suspension from Northwestern between May 5, 2000 and May 9, 2000, and he graduated from Northwestern in June of 2000. During oral arguments, this court was informed that Kristian's suspension had been, in effect, "expunged" from Kristian's high school records when he graduated. This situation is analogous to that of a defendant convicted of a misdemeanor, who has paid the fines and served the sentences imposed. See State v. Wilson (1975), 41 Ohio St.2d 236, 70 O.O.2d 431. An appeal from the misdemeanor conviction is moot unless the defendant can prove that he or she will suffer a collateral disability or a loss of a civil right as a result of the conviction. Id. Similarly, without evidence that Kristian would suffer a collateral disability or loss of a civil right from such judgment as a result of the suspension, the matter is moot.
On remand, if the Board produces evidence before the trial court that Kristian's suspension was expunged, the trial court must dismiss the matter as moot, unless the Siemons produce evidence that Kristian will suffer any type of collateral disability as a result of the suspension.
The Siemons' assignment of error is sustained. We reverse the decision of the trial court, and remand this case to the trial court for proceedings consistent with this opinion.
 ____________________ YOUNG, J.
WOLFF, P.J. and BROGAN, J., concur.