OPINION
Defendant-Appellant, Eddy Dean Earl, appeals a judgment entered by the Municipal Court of Marysville located in Union County, Ohio, finding him guilty of one count of failure to yield in violation of a local ordinance. For the reasons expressed in the following opinion, we affirm.
These are the relevant facts:
On October 13, 2000, Plain City Police Officer, Sean Henry, was sitting in his patrol car in a gas station parking lot when he observed a semi-trailer attempt to make a wide right-hand turn from Jefferson Avenue onto West Main Street heading eastbound. At the same time, Officer Henry observed a mini-van traveling west on West Main Street. The two vehicles met at the intersection almost simultaneously, and Officer Henry heard the "screech" of the semi as Appellant brought it to a halt. Although a collision did not occur, once stopped, the vehicles were situated "nose to nose". The driver of the mini-van then backed up to allow Appellant to complete the right-hand turn. At that point, Officer Henry initiated a traffic stop and cited Appellant for failure to yield.
Appellant entered a not guilty plea and the matter was set for trial. After the November 9, 2000, hearing, at which Appellant represented himself, the trial court found him guilty and imposed a $25 fine. Appellant paid the fine immediately. Thereafter, Appellant retained counsel who filed a motion for new trial. The trial court denied the motion on January 16, 2001 and this timely appeal followed.
Appellant asserts the following as his sole assignment of error:
 The evidence was insufficient to sustain a conviction as a matter of law.
 As a threshold matter, we must first determine whether the fact that Appellant paid the $25 fine promptly after conviction renders this appeal moot. The Supreme Court of Ohio has established a rule governing the issue with respect to misdemeanor offenses:
 Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.
State v. Wilson (1975), 41 Ohio St.2d 236, at the syllabus. See, also,State v. Mack (Jan. 26, 1990), Wyandot App. No. 16-89-7, unreported. In providing several examples of a collateral disability or loss of civil rights, the Court noted a situation where a defendant was faced with the possibility of losing his job if the conviction stood. Wilson,41 Ohio St.2d at 237, citing Street v. New York (1969), 394 U.S. 576, n. 3.
In this case, although Appellant paid the imposed fine upon conviction, a review of the transcript reveals that he made a statement during trial indicating that his employer provided him with notice that he would be terminated in the event that he was cited for a traffic offense. From this, we can infer that a collateral disability could stem from this conviction. Thus, we are able to reach the merits of Appellant's argument.
As previously noted, Appellant claims that the evidence presented at trial was insufficient to convict him of failure to yield. We disagree.
Sufficiency is a test of adequacy and whether the evidence is sufficient to sustain a conviction is a matter of law. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. When reviewing a claim of insufficient evidence, the relevant inquiry is whether, after considering the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. State v. Smith (1997), 80 Ohio St.3d 89,113.
Appellant was charged with a violation of Plain City Ordinance Section 331.16(a), which states:
 When two vehicles approach or enter an intersection from different streets or highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.
According to Officer Henry's testimony, Appellant's semi-trailer and the mini-van were approaching the intersection of Jefferson Avenue and West Main Street at approximately the same time. Although the mini-van was situated to the right, Appellant did not yield the right of way. Instead, Appellant began his turn and had to stop abruptly in order to avoid a collision. While the transcript shows that Appellant indicated to the court that he reached the intersection first and that the officer was being untruthful, it is the duty of the trier of fact and not the appellate court to determine issues of credibility. See, e.g., State v.DeHass (1967), 10 Ohio St.2d 230, 231. Thus, in looking at the evidence in a light most favorable to the prosecution, as we are required to do, we are convinced that it is not insufficient as a matter of law.
We also note that in the brief submitted on appeal, Appellant argues that Plain City Ordinance Section 331.16(a) is not implicated herein because it only applies to four-way intersections where there are no traffic control devices. However, the plain language of the ordinance contains no such exception and we are not about to create one now, especially in the absence of any supporting authority.
For these reasons, Appellant's only assignment of error is not well-taken and must be overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
 ____________________ WALTERS, P.J.
 SHAW and BRYANT, JJ., concur.