This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Douglas Irwin, has appealed from his conviction by the Medina Municipal Court for driving under a financial responsibility act ("FRA") suspension. Because Defendant's assignments of error have been rendered moot, this appeal is dismissed.
On March 30, 2000, Defendant was cited for driving under suspension. Following a jury trial Defendant was found guilty as charged. Defendant was sentenced to ninety days in jail. Defendant timely appealed and has raised two assignment of error for review. These issues will not be discussed upon the merits as the appeal is moot.
In State v. Wilson (1975), 41 Ohio St.2d 236, syllabus, the Ohio Supreme Court stated as follows:
 Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.
 Similarly, in State v. Benson (1986), 29 Ohio App.3d 109, the court stated that "[t]o retain his stake in a controversy and to preserve the right to appeal, a defendant convicted of a criminal offense must, where practicable, seek a stay of the fine or sentence in either the trial court or the appellate court." Id. at 109, citing State v. Conliff (1978), 61 Ohio App.2d 185, 193.
Defendant did not seek to stay his prison sentence. Additionally, Defendant has offered no evidence that he will suffer a "collateral disability or loss of civil rights" from his conviction for these crimes. Wilson, supra. Accordingly, this appeal is moot and is hereby dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ LYNN C. SLABY
BAIRD, P.J., CARR, J. CONCUR.