decision and journal entry
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ronald Pickens ("Pickens"), appeals his conviction from the Wayne County Municipal Court. We dismiss the appeal as moot.
 I.
On October 28, 2000, the Ohio State Highway Patrol cited Pickens for speeding in violation of R.C. 4511.21(C). On December 13, 2000, the case proceeded to a bench trial. The trial court found Pickens guilty, fined him $24.00 and court costs, and assessed two points to his driver's record.
This appeal followed.
 II.
Under Ohio's mootness doctrine for misdemeanor convictions, "[w]here a defendant has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of a civil rights from such a judgment or conviction."State v. Wilson (1975), 41 Ohio St.2d 236, syllabus. In the present case, the record reflects that Pickens made a complete payment of his fine and court costs on December 13, 2000. Accordingly, Pickens' appeal is dismissed for mootness.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., CARR, J. CONCUR.