This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Maurice Bishop ("Bishop"), appeals his conviction from the Summit County Court of Common Pleas. We dismiss the appeal as moot.
On October 4, 2000, a jury found Bishop guilty of resisting arrest, a first degree misdemeanor in violation of R.C. 2921.33(B). On October 6, 2000, Bishop was sentenced to serve five months in the Summit County jail.[1] This appeal followed.
Under Ohio's mootness doctrine for misdemeanor convictions, "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." State v. Wilson (1975),41 Ohio St.2d 236, syllabus. In the present case, the record reflects that Bishop has completed his sentence on the misdemeanor charge, and he presents no evidence on appeal that he has suffered some collateral disability or the loss of civil rights due to the judgment or conviction.
Accordingly, Bishop's appeal is dismissed for mootness.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, BAIRD, J., SLABY, J. CONCUR.
[1] On January 9, 2001, the trial court issued a journal entry, which read, in part:
 It has come to the Court's attention that the Defendant is currently serving a prison sentence from Cuyahoga County for Harassment. * * * In the interest of justice, this Court will order that the Defendant's sentence on the misdemeanor Resisting Arrest charge be served CONCURRENTLY, and not consecutively, with the Defendant's Cuyahoga County sentence. By this Court's calculations, the Defendant has completed his sentence on the misdemeanor charge. The Defendant is being held solely on his sentence for Harassment from Cuyahoga County.
(Emphasis original).