DECISION AND JUDGMENT ENTRY
This is an appeal from an Ironton Municipal Court judgment. Genny Fields, defendant below and appellant herein, was convicted and sentenced of disorderly conduct. The trial court imposed a one hundred dollar ($100) fine and sixty dollar ($60) court costs. On November 28, 2001, appellant paid the fine and court costs in full.
Initially, we must address a threshold jurisdictional issue. In Statev. Wilson (1975), 41 Ohio St.2d 236, the Ohio Supreme Court held that when a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot unless evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction. In State v. Benson (1986),29 Ohio App.3d 109, the court stated that "to retain his stake in a controversy and to preserve the right to appeal, a defendant convicted of a criminal offense must, where practicable, seek a stay of the fine or sentence in either the trial court or the appellate court." Id. at 109, citing State v. Conliff (1978), 61 Ohio App.2d 185.
In the case sub judice, we find no indication that appellant sought a stay of execution of the trial court's sentence. Further, we find no evidence that appellant will suffer a "collateral disability or loss of civil rights" from her conviction. Wilson, supra.
Accordingly, based upon the foregoing reasons we find this appeal to be moot and it is hereby dismissed.
 APPEAL DISMISSED. JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Ironton Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Dissents, Kline, J.: Concurs.