DECISION AND JUDGMENT ENTRY
{¶ 1} Randall Howard Perry appeals his conviction in the Marietta Municipal Court of failure to permanently mark eastern box turtles in violation of Ohio Adm. Code Section 1501:31-25-04(F), a misdemeanor of the fourth degree. He asserts that the trial court erred when it did not grant his motion to dismiss because he claims that Ohio Adm. Code Section1501:31-25-04(F) is unconstitutional. We do not reach Perry's argument because we find that Perry voluntarily paid his fine and court courts. Accordingly, we dismiss this appeal because it is moot.
 I. {¶ 2} The State filed a complaint in the Marietta Municipal Court charging Perry with failing to permanently mark the eastern box turtles he has on his Windy View Exotic Animal Farm in Belpre, Ohio. The state claimed that Perry was required to insert a passive integrated transponder into each of his turtles that had shells of four inches or greater. Perry filed a motion to dismiss claiming that Ohio Adm. Code Section 1501:31-25-04(F) is unconstitutional. The trial court heard testimony and overruled Perry's motion.
 {¶ 3} A jury later convicted Perry of the charge. The trial court fined Perry one hundred dollars and ordered him to pay the court costs in the amount of one hundred eighty one dollars. Perry voluntarily paid the fine and court costs.
 {¶ 4} Perry appeals and raises the following assignment of error:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS SINCE OHIO ADMINISTRATIVE CODE [SECTION] 1501:31-25-04 AND/OR ITS APPLICATION TO APPELLANT IS UNCONSTITUTIONAL."
 II. {¶ 5} First, we must address a threshold jurisdictional issue. InState v. Wilson (1975), 41 Ohio St.2d 236, the court held that when a convicted defendant in a criminal case has voluntarily paid the fine or completed the sentence for the offense, an appeal is moot unless evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction. In State v. Benson (1986), 29 Ohio App.3d 109, the court stated that "to retain his stake in a controversy and to preserve the right to appeal, a defendant convicted of a criminal offense must, where practicable, seek a stay of the fine or sentence in either the trial court or the appellate court." Id. at 109, citing State v.Conliff (1978), 61 Ohio App.2d 185.
 {¶ 6} Here, the record shows that Perry voluntarily paid the fine and court costs without seeking a stay of the execution of the trial court's sentence. Further, the record contains no evidence that Perry will suffer a "collateral disability or loss of civil rights" from his conviction. Wilson, supra. Consequently, this appeal is moot.
 {¶ 7} Accordingly, we dismiss this appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Harsha, J.: Concur in Judgment Opinion.