JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant James Luster appeals from a decision of the Cleveland Municipal Court finding him guilty of License Required to Operate a motor vehicle. On appeal, he claims the trial court abused its discretion in imposing conditions that did not relate to his crime and increasing his sentence because he was angry at his attorney. After careful review, we find the issues raised by defendant are moot and dismiss this appeal.
 {¶ 3} The record presented to us on appeal reveals that on November 6, 2001, defendant was involved in a motor vehicle accident and charged with License Required to Operate and Failure to Control pursuant to Cleveland Codified Ordinances 435.01A and 431.34.
 {¶ 4} On December 7, 2001, defendant pled not guilty. On December 19, 2001, defendant entered a plea bargain and pled no contest to License Required to Operate in violation of Cleveland Codified Ordinance 435.01A.
 {¶ 5} Defendant appeared for sentencing on January 7, 2002 and January 30, 2002. Both times the sentencing was continued.
 {¶ 6} On January 31, 2002, defendant was fined $1,000 with $900 suspended, 180 days in jail with 150 days suspended, and alcohol assessment and substance abuse counseling. Following this sentence, defendant's attorney challenged the court's ordering of the alcohol assessment and substance abuse counseling and requested time served for the two days defendant spent in court waiting prior to the sentencing hearing. The trial court denied defense counsel's request and instead doubled defendant's sentence to 60 days in jail.
 {¶ 7} On February 15, 2002, defendant filed a notice of appeal with this Court.
 {¶ 8} On March 15, 2002, the trial court suspended all fines and 146 days of incarceration and gave defendant credit for 34 days served. Defendant now appeals his sentence and raises two assignments of error for our review, which state:
 {¶ 9} "I. The trial court committed reversible error when it punished appellant for statements made by defense counsel.
 {¶ 10} "II. The trial court committed reversible error when it imposed conditions of probation that did not relate to the crime."
 {¶ 11} In these assignments of error, defendant argues that the trial court should not have imposed the alcohol assessment and substance abuse counseling as a term of his sentence. Defendant also argues that the trial court should not have increased his sentence because the judge was angry with his attorney for questioning the sentence. The City concedes these points but argues that defendant's appeal is moot because defendant voluntarily served the sentence, thereby removing him from this Court's jurisdiction. We agree.
 {¶ 12} Ohio law directs that an appeal from a misdemeanor conviction after the judgment has been voluntarily satisfied is moot unless the defendant shows that "he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction."City of Cleveland v. Eanes (May 31, 2001), Cuyahoga App. No. 78774, citing State v. Golston (1994), 71 Ohio St.3d 224, citing State v.Wilson (1975), 41 Ohio St.2d 236.
 {¶ 13} Here, defendant completed his sentence by serving 34 days of the 180 day maximum and having all fines suspended. Defendant has failed to provide any evidence that he will suffer a legal disability or some loss of civil rights resulting from his conviction. Id. Although we agree that a trial court abuses its discretion when it imposes a sentence based upon the conduct of the defense attorney, we have no jurisdiction in this matter absent a showing of a legal disability. Accordingly, the issues raised by defendant are moot and the appeal is dismissed.
Appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and ANNE L. KILBANE, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).