OPINION (Nunc Pro Tunc Entry Attached)
{¶ 1} This is an appeal from a jury conviction in the Licking County Municipal Court of criminal trespass under R.C. § 2911.21.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant on June 26, 2002 entered golf course land leased from the Ohio Historical Society to Mound Builders Country Club. Such course contains certain historical mounds created by Native Americans.
 {¶ 3} There are posted restrictions as to observing and being physically on such mounds.
 {¶ 4} Appellant climbed to the top of "Observatory Mound" in violation of the restrictions and, upon requests by the course personnel, refused to leave. After the police were called, she remained adamant as to such refusal and was arrested.
 {¶ 5} The appellant was fined $250.00 and costs, which were paid on January 28, 2003 after a prior stay of execution had been granted.
 {¶ 6} The five Assignments of Error are:
 ASSIGNMENTS OF ERROR {¶ 7} "I. It was prejudicial error for the trial court to deny defendant's motion to dismiss under Ohio Crim R. 29 as the state had failed to prove beyond a reasonable doubt that defendant committed criminal trespass"
 {¶ 8} "II. It was prejudicial error for the trial-court not to allow the jury to see and consider defendant's exhibits A, B, C, D. O AND P."
 {¶ 9} "III. It was prejudicial error for the trial court to not allow testimony from several witnesses as to the historical and religious significance of this site."
 {¶ 10} "IV. The conviction was against the manifest weight of the evidence whereas, defendant did not receive notice that the site was restricted at the place she was arrested and therefore, could not commit criminal trespass on a state park. the evidence at trial submitted and admitted the state and defendant as to signage only cited R.C. § 155.99
which is notice of state park hours of operation and penalties."
 {¶ 11} "V. The jury verdict of guilty was against the manifest weight of the evidence as to defendant's and the state's exhibits of the signage and instructions given thereon, whereas, defendant was instructed to walk to the observatory mound to observe the octogon mound."
 {¶ 12} In addition to a consideration of the five Assignments of Error, we must again review appellee's motion to dismiss this appeal.
 {¶ 13} This Court had previously denied the motion to dismiss which was predicated on decisions of the Ohio Supreme Court in State v.Berndt (1987), 29 Ohio St.3d 3 and State v. Golston (1994),71 Ohio St.3d 224.
 {¶ 14} The essence of such cases is that "where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." State v. Wilson (1975),41 Ohio St.2d 236.
 {¶ 15} Also, State v. Berndt (1987), 29 Ohio St.3d 3 and State v.Golston (1994), 71 Ohio St.3d 224 place the burden upon appellant to establish by evidence that she would have a "substantial stake in the judgment of conviction". See also City of Cleveland v. Somerfield (Sept. 2, 1999) Cuyahoga App. No. 73822 and City of Cleveland v. Gould (June 6, 2002) Cuyahoga App. No. 79214, 2002-Ohio-2724.
 {¶ 16} The previous decision of this Court was rendered prior to receipt and review of the transcript establishing facts to be considered as to the effect of a conviction under State v. Berndt
and State v. Golston, supra.
 {¶ 17} The record establishes that the Ohio Historical Society which owns the land in question is not a State agency. The Ohio Supreme Court in Ohio Historical Society v. State Emp. Relations Bd. (1993),66 Ohio St.3d 466, 1993 Ohio 182 stated:
 {¶ 18} "Quite simply, the Society is not public; it was neither created by the state nor is it subject to state control. The Society is a private, not-for-profit corporation. It was created by a group of individuals, in their capacities as private citizens The Society is governed by a constitution written and adopted by its members; the constitution may be amended by a simple majority of votes cast by Society members. A board of trustees ("board") runs the Society. The corporate constitution, not a state statute, provides that half of the trustees are elected from the Society's membership and half are appointed by the Governor of Ohio. The board elects corporate officers to operate the Society and these officers report directly to the board. The Society is, in short, not a public or government entity. It was neither created by the state nor is it subject to state control. In both form and substance the Society is a private corporation. Neither the Society leaders nor its members are subject to the political process. The members of its board, whether appointed by the Governor or elected by the membership, are responsible to the membership of the Society alone. Its corporate officers are responsible to the board alone. Neither directly nor indirectly do the citizens of the state of Ohio exercise control over the Society. Simply because a large portion of the Society's budget is derived from public funds does not render it a state agency. The fact that the Society has a close relationship with the state does not make it an arm of the state. The Society's relationship with the state is based on contract."
 {¶ 19} We find the appellant's reliance on Cincinnati v. Thompson
(1994), 96 Ohio App.3d 7 and Marsh v. Alabama (1946), 326 U.S. 501 to be misplaced.
 {¶ 20} Appellant has not established that she will suffer some "collateral disability or loss of civil rights" from the conviction.
 {¶ 21} She has not shown that a constitutional right exists to permit the exercise of her wishes to utilize private property as she chooses.
 {¶ 22} Therefore, after further review of the evidence and applicable law we conclude that the voluntary payment of the fine and costs have rendered this appeal moot and no further consideration of any of the five Assignments of Error is warranted.
 {¶ 23} This appeal is dismissed.
By: Boggins, J., Hoffman, P.J and Edwards, J. concur.