JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Robert Leon McElroy appeals from his conviction in the Garfield Heights Municipal Court for attempted failure to yield right-of-way to public safety vehicle, a minor misdemeanor. For the reasons that follow, we dismiss the appeal as moot.
 {¶ 2} After a bench trial, the court found defendant guilty of the minor misdemeanor and imposed a $100 fine. Defendant paid his fine on March 4, 2003. On March 28, 2003, defendant filed his notice of appeal. He assigns the following sole assignment of error for our review:
 {¶ 3} "I. The trial court's finding that appellant was guilty of attempted failure to yield right-of-way to public safety vehicles pursuant to R.C. § 2923.01 and R.C. 4511.45(A)(2) was contrary to the manifest weight of the evidence."
 {¶ 4} "[W]here a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." State v. Golston (1994), 71 Ohio St.3d 224, 226, citing State v. Wilson (1975), 41 Ohio St.2d 236; State v. Berndt
(1987), 29 Ohio St.3d 3. The burden is on the defendant to establish that he has a "substantial stake in the judgment of conviction." Id., citingWilson, 41 Ohio St.2d at 237. While" the infamy and disgrace resulting from a felony conviction seriously affects a person's reputation and economic and social opportunities in our society[,] [t]he same stigma does not ordinarily attach to those who have been convicted of misdemeanor offenses." Golston, 71 Ohio St.3d at 227.
 {¶ 5} In this appeal, defendant does not contend, nor did he provide any evidence from which we could infer, that he will suffer from any collateral legal disability or loss of civil rights stemming from this minor misdemeanor conviction. The record reflects that defendant paid his fine on March 4, 2003. Accordingly, the appeal is moot. AccordCleveland v. Gould, Cuyahoga App. No. 79214, 2002-Ohio-2724; Cleveland v.Martin, Cuyahoga App. No. 79896, 2002-Ohio-1652; Cleveland v. Bawa (June 13, 1996), Cuyahoga App. No. 69089.
 {¶ 6} The appeal is dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, A.J., and Colleen Conway Cooney, J., concur.