JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Linell Parrie appeals from his conviction for domestic violence in violation of R.C. 2919.25(A). For the reasons set forth below, we dismiss this appeal as moot.
 {¶ 2} On October 22, 2002, defendant was indicted in case No. 429353 in connection with alleged attacks on his wife, S.D., on May 5, 2002 and August 18, 2002. The nine-count indictment issued in this matter charged defendant with two counts of rape, two counts of kidnapping with sexual motivation specifications, two counts of domestic violence, felonious assault, and two counts of intimidation. Defendant was also indicted in case No. 430406 for intimidation of S.D. Defendant entered not guilty pleas in both matters and they were set for joint jury trial on March 17, 2003. Defendant was acquitted of all of the charges except count six of case No. 429353 which charged him with domestic violence occurring on or about May 5, 2002. In support of this charge, the state presented the testimony of the complaining witness, S.D., Dr. James Sauto, Cleveland Police Det. Pamela Berg, and Cleveland Police patrolman Gregory Cook.
 {¶ 3} S.D. testified that defendant had been away from home for a few days in early May, 2002. When he returned on or about May 4, 2002, he slept until midnight. Later, the two began to argue about money and defendant's responsibility for various bills. S.D. stated that defendant punched her ten or eleven times in the back and the back of her head, and threatened to kill her. S.D. tried to leave the house but defendant would not let her do so.
 {¶ 4} The following morning, after defendant left their home, S.D. called paramedics and was taken to Metro General Hospital. According to S.D., as a result of the attack, her neck was swollen and her right arm was in a brace for a month.
 {¶ 5} Hospital personnel reported the matter to police, but S.D. later decided that she did not wish to prosecute. She testified that defendant assaulted her again in August 2002, and that, following this incident, she filed a police report and pursued charges from both incidents.
 {¶ 6} On cross-examination, S.D. admitted that defendant completed a drug rehabilitation program but she maintained that he did so after the attack.
 {¶ 7} Dr. Sauto of Metro General testified that he examined S.D. on May 5, 2002, and she claimed, inter alia, that her husband beat her in the back, neck and shoulder with a closed fist. She complained of neck, arm and shoulder pain. Dr. Sauto noted marked tenderness, particularly in the paraspinal area and in the extremities and also noted somewhat limited range of motion. His impressions were muscle strain and contusion.
 {¶ 8} Cleveland Police Patrolman Gregory Cook testified that he responded to Metro General in connection with the allegations concerning the May 5, 2002, incident and interviewed S.D. Later, Det. Pamela Berg of the Sex Crimes Unit of the Cleveland Police Department was assigned to investigate the incident. In May 2002, after S.D. indicated that she did not wish to prosecute defendant, Cook's report was locked in the evidence room and remained there until S.D. contacted police in August 2002 and decided to pursue charges in both matters.
 {¶ 9} Upon his conviction for this charge of domestic violence, the trial court sentenced defendant to six months incarceration, gave him credit for time served, suspended the remainder of the term, and ordered defendant released. Defendant now appeals and assigns three errors for our review.
 {¶ 10} The state asserts that, because defendant was convicted of a misdemeanor and has completed his sentence, the assigned errors are moot. We agree.
 {¶ 11} The general rule pertaining to whether a conviction for a misdemeanor has become moot upon completion of sentence was set forth in State v. Golston (1994), 71 Ohio St.3d 224, 226,1994-Ohio-109, 643 N.E.2d 109, as follows:
 {¶ 12} "Where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." Id., citing State v. Wilson (1975),41 Ohio St.2d 236, 325 N.E.2d 236; State v. Berndt (1987), 29 Ohio St.3d 3,504 N.E.2d 712. The burden is on the defendant to establish that he has a "substantial stake in the judgment of conviction." Id., citing Wilson, 41 Ohio St.2d at 237. The Golston court observed that "the infamy and disgrace resulting from a felony conviction seriously affects a person's reputation and economic and social opportunities in our society [but] the same stigma does not ordinarily attach to those who have been convicted of misdemeanor offenses." Golston, 71 Ohio St.3d at 227. The Court therefore determined that "an appeal from the conviction [of a misdemeanor] is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." Golston, 71 Ohio St.3d at 226.
 {¶ 13} In Cleveland v. Gould, Cuyahoga App. No. 79214, 2002-Ohio-2724, appeal denied by 97 Ohio St.3d 1469,2002-Ohio-6347, 779 N.E.2d 236, this Court determined that defendant's appeal from his misdemeanor conviction for one count of domestic violence, in violation of R.C. 2919.25 was moot where the defendant had completed all the terms of his sentence. This Court stated:
 {¶ 14} "Here, regardless of whether Gould couches his inability to possess a gun as a collateral legal disability or as a loss of civil rights, the fact remains that his argument is entirely speculative. Gould has presented no evidence from which this court can draw an inference that Gould will suffer a collateral legal liability or loss of civil rights. There is nothing in the record to suggest that Gould has applied to own a gun, owns a gun, etcetera. His motion in opposition to the city's motion to dismiss merely states that he will suffer a civil rights loss. Facts supporting that assertion are lacking and, therefore, Gould's argument lacks merit."
 {¶ 15} Id. at 3-4.; see, also, North Ridgeville v.Kingsboro (Jan. 2, 2002), Lorain App. Nos. 01CA007809, and 01CA007810, 2002-Ohio-30 (finding defendant's appeal from domestic violence conviction moot, despite defendant's argument that he suffered a collateral legal disability in the loss of his constitutional right to bear arms, where defendant presented no evidence from which an inference can be drawn that he will suffer from collateral disability or loss of civil rights.); State v.Welsh (Apr. 17, 1998), Hamilton App. No. C-970032 (the evidence creating the inference of the defendant's "substantial, individualized impairment" must be presented in the trial court and must be personal and not abstract; based upon the record below, it is mere speculation that Welsh has a substantial stake in the conviction that survives the satisfaction of judgment). Cf. Parma v. Melinis, (June 25, 1998), Cuyahoga App. No. 73483 (where defendant had previously been convicted of a misdemeanor charge of domestic violence "his second conviction rises to the level of a felony pursuant to R.C. 2919.25 * * * and this appeal is not moot.").
 {¶ 16} Likewise in this matter, defendant has completed the terms of his sentence and has presented this court with no evidence from which we may draw the inference of a collateral disability or a loss of civil rights. It is mere speculation that defendant has a substantial stake in the conviction that survives the satisfaction of judgment). We therefore dismiss this appeal as moot.
Appeal dismissed.
Michael J. Corrigan, A.J. and Kenneth A. Rocco, J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.