JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Ralph Watts Jr. ("Watts"), appeals from a judgment of the Cuyahoga County Court of Common Pleas which found him in contempt of court and suspended him from writing bonds for 60 days. For the following reasons, we affirm.
 {¶ 2} On June 28, 1999, Judge Richard McMonagle, Presiding/Administrative Judge of the Cuyahoga County Court of Common Pleas, and Judge Larry A. Jones, Administrative Judge of the Cleveland Municipal Court, issued the following standing order prohibiting Bail Bond personnel from soliciting any business within the Justice Center:
 {¶ 3} "Because of an ongoing course of conduct by Bail Bond personnel and the public, which has created an atmosphere of violence, hostility, and tension, all Bail Bond personnel are ordered to immediately cease and desist from soliciting any business within the Justice Center Complex.
 {¶ 4} "The Bail Bond personnel will only be permitted on the premises to post bonds. All solicitation of bonds may be conducted only outside the Justice Center Complex."
 {¶ 5} On July 14, 2005, Watts was charged with violating the above standing order. On July 26, 2005, Watts was held to be in contempt of the order and restricted from writing bonds for 60 days.[1] It is from this order that Watts now appeals and raises three assignments of error, which will be addressed together where appropriate.
 {¶ 6} "I. Where an individual is ordered to show cause as to why he should not be held in contempt of court for soliciting and the evidence fails to show that soliciting was proven, the charge must be dismissed.
 {¶ 7} "III. A finding of contempt against the appellant, which is based on the conduct of another, violates due process."
 {¶ 8} Where a defendant, convicted of a misdemeanor, has voluntarily paid the fine or completed the sentence for that offense, an appeal from that conviction is moot unless the defendant has offered some evidence from which an inference can be drawn that he will suffer some collateral disability or loss of civil rights from such judgment or conviction. State v.Wilson (1975), 41 Ohio St.2d 236.
 {¶ 9} Here, Watts was sentenced to refrain from writing bonds for 60 days. We conclude that Watts voluntarily completed his sentence because he never attempted to stay the execution of the sentence by motioning for relief from judgment. Since 60 days have passed, there is nothing this Court could do to provide relief to Watts on remand. Moreover, Watts has not shown any evidence that he will suffer some collateral disability or loss of civil rights as a result of his contempt. Thus, these two assignments of error, as they pertain to his misdemeanor contempt charge, are moot and will not be discussed.
 {¶ 10} "II. Where a Court order is claimed to have been violated and includes an unexplained term that requires a person of common intelligence to guess at its meaning, the order is void for vagueness."
 {¶ 11} In his second assignment of error, Watts challenges the constitutionality of the standing order. However, our review of the record reflects that these issues were not raised before the trial court. Watts never objected to the constitutionality of the standing order and so the trial court did not have the opportunity to consider the alleged vagueness of the standing order. The failure to timely advise the trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal. Goldfuss v. Davidson (1997),79 Ohio St.3d 116. Accordingly, Watts has waived his rights to raise the issue of the constitutionality of the standing order based on vagueness on appeal.
 {¶ 12} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, J., and Mary Eileen Kilbane, J., concur.
[1] Watts has been held in contempt of court on three prior occasions for violating this order. See In re Watts andMitchell, Cuyahoga App. Nos. 78713, 78991, 2002-Ohio-338.