[Cite as *State v. Price*, 2019-Ohio-705.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 107227

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**QIASA PRICE**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
DISMISSED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-18-625624-A

**BEFORE:** Kilbane, A.J., Boyle, J., and Headen, J.

**RELEASED AND JOURNALIZED:** February 28, 2019

**ATTORNEY FOR APPELLANT**

Matthew O. Williams
Matt Williams, L.L.C.
21055 Lorain Road
Fairview Park, Ohio 44126


**ATTORNEY FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Carl Mazzone
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


MARY EILEEN KILBANE, A.J.:

{¶1}    This appeal is before this court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶2} Defendant-appellant, Qiasa Price ("Price"), appeals the sentence the trial court imposed for a first-degree misdemeanor.   For the reasons set forth below, we dismiss the appeal as moot.

{¶3}    In February 2018, Price was charged with one count of aggravated riot in connection with a fracas outside the Cleveland Heights High School.   On April 16, 2018, as part of a plea agreement, Price pleaded guilty to an amended charge of riot, a first-degree misdemeanor.   The trial court sentenced Price to 180 days in jail and imposed a fine of $250, plus court costs.

{¶4}    Price now appeals, assigning the following two errors for review.

The trial court erred as a matter of law and to the prejudice of [Price] when it imposed a custodial sentence without first considering the appropriateness of a probationary sentence as required by statute.

## Assignment of Error Two

The trial court erred as a matter of law and to the prejudice of [Price] when it imposed a maximum jail sentence for a misdemeanor conviction without adhering to the statutory requirements for the imposition of maximum sentences in misdemeanor cases.

**{¶5}** Although Price presents two assignments of error, this court will not address them because the record reflects this appeal is moot.

**{¶6}** Generally,

[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.

*Middleburg Hts. v. McClellan*, 8th Dist. Cuyahoga No. 103212, 2016-Ohio-816, citing *State v. Montavon*, 10th Dist. Franklin No. 12AP-631, 2013-Ohio-2009, ¶ 6, quoting *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus; *see also Lakewood v. Sclimenti*, 8th Dist. Cuyahoga No. 101931, 2015-Ohio-1842, ¶ 6.

**{¶7}** In *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, the Ohio Supreme Court examined the issue of "[w]hether an appeal is rendered moot when a misdemeanor defendant serves or satisfies [her] sentence after unsuccessfully moving for a stay of execution in the trial court, but without seeking a stay of execution in the appellate court." *Id.* at 389.

**{¶8}** The *Lewis* court explained that in determining whether an appeal is moot, courts should consider whether the misdemeanant (1) contested the charges at trial; (2) sought a stay of

execution of sentence for the purpose of preventing an intended appeal from being declared moot; and (3) appealed the conviction. *Id*. at 394. These circumstances demonstrate that the sentence is not being served voluntarily because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal. These circumstances also demonstrate that the appellant has "a substantial stake in the judgment of conviction." *Wilson*, 41 Ohio St.2d 237, 325 N.E.2d 236. Therefore, there is "subject matter for the court to decide." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408,¶ 9.

**{¶9}** In the instant case, although Price, after pleading guilty to an amended charge and appealing her conviction, the record indicates she has completed the sentence imposed and voluntarily paid her fine and court costs. The record also indicates Price did not seek a stay of execution of the sentence in the trial court or in this court. In addition, Price has not offered this court any argument that she will be subject to any collateral consequences from her conviction.

**{¶10}** Based on the foregoing, Price's appeal is moot.

**{¶11}** Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINSTRATIVE JUDGE

MARY J. BOYLE, J., and
RAYMOND C. HEADEN, J., CONCUR