[Cite as *State v. Hadsell*, 2019-Ohio-852.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff – Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 18 CAA 06 0044 |
| WESLEY HADSELL | |
| Defendant – Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:       Appeal from the Delaware County Court
of Common Pleas, Case No. 16 CRI 07
0349


JUDGMENT:                        Dismissed

DATE OF JUDGMENT ENTRY:          March 11, 2019


APPEARANCES:


For Plaintiff-Appellee           For Defendant-Appellant

CAROL HAMILTON O'BRIEN           WILLIAM T. CRAMER
Delaware County Prosecuting Attorney   470 Olde Worthington Road, Suite 200
                                 Westerville, Ohio  43082
DOUGLAS N. DUMOLT
Assistant Prosecuting Attorney
140 N. Sandusky Street, 3rd Floor
Delaware, Ohio  43015

*Hoffman, P.J.*

**{¶1}** Appellant Wesley Hadsell appeals the judgment entered by the Delaware County Common Pleas Court convicting him of assault (R.C. 2903.13) and sentencing him to six months incarceration. Appellee is the state of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}** Appellant and M.H. were married in 2004. In the summer of 2005 they separated, and M.H. reported she had been raped and assaulted by Appellant. Appellant was indicted by the Delaware County Grand Jury for rape, kidnapping, domestic violence, and felonious assault on August 26, 2005.

**{¶3}** Appellant and M.H. left Ohio the day the indictment was filed, traveling through several other states. During this time, Appellant robbed a bank in Virginia. They were apprehended in Illinois and returned to Ohio. The federal government charged Appellant with the bank robbery in Virginia, and the indictment in Delaware County was dismissed.

**{¶4}** Appellant pled guilty to the bank robbery charge, and served fifty-four months incarceration. He was released from federal custody in February, 2010, and moved to Virginia.

**{¶5}** In 2016, Appellant was re-indicted by the Delaware County Grand Jury for two counts of rape, kidnapping, and felonious assault arising out of the events of August 26, 2005. He moved to dismiss the indictment based on prejudicial pre-indictment delay. Following an evidentiary hearing, the court overruled the motion.

**{¶6}** The case proceeded to jury trial. The jury found Appellant not guilty of rape, kidnapping, and felonious assault, but guilty of the lesser included offense of assault, a first-degree misdemeanor. The court sentenced him to six months in the Delaware

County Jail.   Appellant spent no additional time in jail after application of jail time credit for the time he served awaiting trial.

{¶7}   It is from the June 11, 2018 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:


APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION, WERE VIOLATED BY THE ELEVEN-YEAR PRE-INDICTMENT DELAY IN PROSECUTING THE ALLEGED ASSAULT.


{¶8}   When a criminal defendant has voluntarily paid the fine or completed the sentence for the offense, an appeal is moot when no evidence is offered from which an inference can be drawn the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction. *State v. Berndt*, 29 Ohio St.3d 3, 4, 504 N.E.2d 712, 713 (1987, *citing State v. Wilson* (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, syllabus (1975). The burden of presenting evidence of a "substantial stake in the judgment of conviction" is upon the defendant. *Id.*

{¶9}   The Ohio Supreme Court has recognized a person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed; therefore, an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal. *State*

*v. Golston*, 71 Ohio St.3d 224, 1994-Ohio-109, 643 N.E.2d 109, syllabus (1994), *distinguishing Berndt, supra; Wilson, supra.*

{¶10} In the instant case, Appellant was convicted only of a misdemeanor, and has served the entire sentence. Upon review of the record, we find Appellant has made no demonstration of collateral disability or loss of civil rights from the conviction, particularly as the record demonstrates Appellant has prior convictions for felonious restraint of a minor, armed robbery, burglary, and forgery, and at the time the instant indictment was issued, Appellant was in federal custody on a conviction of felony possession of ammunition.

{¶11} Accordingly, we find the appeal is moot, and is therefore dismissed.

By: Hoffman, P.J.
Wise, John, J. and
Wise, Earle, J. concur