[Cite as *State v. Henry*, 2011-Ohio-3566.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25479 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL R. HENRY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 07 2284 |

DECISION AND JOURNAL ENTRY

Dated: July 20, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1}  Michael Henry allegedly hit the mother of his children, Star Moore, while the two of them were struggling over possession of their 18-month-old daughter. When police attempted to arrest Mr. Henry, he ran. After being caught, he kept falling down as officers were trying to take him to their vehicle. The Grand Jury indicted Mr. Henry for domestic violence, endangering children, obstructing official business, and resisting arrest. Mr. Henry waived his right to a jury trial. The trial court found him guilty of domestic violence, obstructing official business, and resisting arrest. It sentenced him to three years in prison. Mr. Henry has appealed, arguing that his domestic violence conviction is against the manifest weight of the evidence and that his obstructing official business and resisting arrest convictions are allied offenses that should have been merged at sentencing. We affirm because Mr. Henry's domestic violence

conviction is not against the manifest weight of the evidence and his allied offenses argument is moot.

BACKGROUND

{¶2} Mr. Henry was on his way home from the mall when he drove past Ms. Moore's apartment building and saw her outside with their children. Even though it was not his day for visitation, he wanted to see his children, so he parked at the apartment complex and walked over to visit. At the time, Ms. Moore and her cousin were getting ready to leave and the children were already inside the car. According to Mr. Henry, Ms. Moore let him talk to the children for a little while. He then went to get his eighteen-month-old daughter out of her car seat so that he could give her a hug. The cousin, however, said that they did not have time and went inside the apartment building to tell Ms. Moore's parents that Mr. Henry was there.

{¶3} Mr. Henry testified that Ms. Moore's parents came out of the apartment building and began yelling at him to let go of his daughter. He asserted that Ms. Moore's parents have discouraged Ms. Moore from associating with him and that her father has threatened to shoot him. He also asserted that Ms. Moore is under their influence. Accordingly, when her parents came outside, Ms. Moore turned on him and began trying to get the child back.

{¶4} Mr. Henry testified that he tried to explain that he just wanted to hug his daughter. Ms. Moore and her family, however, began tugging at the girl and trying to get her out of his arms. When one of them began scratching him, he let go and walked to his car to call the police.

{¶5} According to Ms. Moore, Mr. Henry and she began struggling for possession of the child even before her parents got outside. She testified that they tussled back and forth for five or six minutes when Mr. Henry suddenly punched her in the face, pushed the child into her arms, and ran away. Ms. Moore and her family denied that anyone scratched Mr. Henry,

speculating that he must have either inflicted the wounds himself or that it happened when he ran through some bushes after letting go of the child.

## MANIFEST WEIGHT

{¶6} Mr. Henry's first assignment of error is that his conviction for domestic violence is against the manifest weight of the evidence. When a defendant argues that his conviction is against the manifest weight of the evidence, we "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App. 3d 339, 340 (1986).

{¶7} Mr. Henry has argued that Ms. Moore and her family members had strong reasons for misstating what happened. He has argued that Ms. Moore's mother dislikes him because of the degrading things he says to Ms. Moore. Ms. Moore's father is angry at him because he (Mr. Henry) claimed the children on his income tax return, which got Ms Moore's father into trouble with the Internal Revenue Service when he also tried to claim them. Ms. Moore's father also does not like paying bills for the children that he thinks Mr. Henry should be paying. Mr. Henry has argued that Ms. Moore had reason to lie because there were multiple contempt actions pending against her for interfering with his visitation rights.

{¶8} Mr. Henry has also argued that the story Ms. Moore and her relatives told about the source of his scratches is not credible. According to one of the arresting officers, when he talked to Mr. Henry at the scene, Mr. Henry had a scratch on his left hand that ran up his arm and a scratch on the back of his right arm. Mr. Henry has argued that, if bushes were the source of the scratches, there would have been more of them and they would not have just been on his

arms and hands. According to him, the two scratches were consistent with his testimony that either Ms. Moore or one of her family members intentionally scratched his arms while trying to get him to let go of his daughter.

{¶9} Mr. Henry has not contested the source of the scratches to suggest that he acted in self-defense. Rather, he has argued that, since Ms. Moore and her relatives were not credible about that issue, they were also not credible about whether he hit Ms. Moore. While he has conceded that pictures in the record show redness under Ms. Moore's right eye, he has argued that she must have been struck by one of her own family members during the fray.

{¶10} The trial court found Mr. Henry guilty of domestic violence because it "found the testimony of [Ms. Moore] to be credible, not only credible, but backed up by red marks on her face where she said she was punched by . . . Mr. Henry." Accordingly, although there are some inconsistencies in the testimony of Ms. Moore's relatives, and although they may have had reasons for wanting Mr. Henry convicted, we conclude that their testimony was not material to the trial court's decision. Regarding Ms. Moore's testimony, we have reviewed the record and conclude that the court did not clearly lose its way when it chose to believe her instead of Mr. Henry. Mr. Henry's first assignment of error is overruled.

## ALLIED OFFENSES

{¶11} Mr. Henry's second assignment of error is that the trial court incorrectly sentenced him on allied offenses of similar import. He has argued that the trial court should have merged his obstructing official business and resisting arrest convictions because they were based on the same conduct.

{¶12} The State has argued that Mr. Henry's argument is moot because he was sentenced to only 90 days for the offenses, which he has already served. The Ohio Supreme

Court has held that, "[if] a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St. 2d 236, syllabus (1975).

{¶13} In *City of Cleveland Heights v. Lewis*, __ Ohio St. 3d __, 2011-Ohio-2673, the Ohio Supreme Court considered the circumstances under which an appeal from a misdemeanor conviction would not be moot, even if the defendant had already completed his sentence. It held that "[t]he completion of a sentence is not voluntary and will not make an appeal moot if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide." *Id*. at paragraph one of the syllabus. It specifically determined that "a misdemeanant who contests charges at trial and, after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and thereafter appeals the conviction objectively demonstrates that the sentence is not being served voluntarily, because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal." *Id*. at ¶23.

{¶14} In *State v. Pedraza*, 9th Dist. No. 09CA009706, 2010-Ohio-4284, we concluded that an appeal from a fully served sentence on a misdemeanor charge is moot if the defendant did not request a stay of the sentence pending appeal and failed to allege that he would suffer some collateral disability or loss of civil rights if the appeal was not considered. *Id*. at ¶25. We also concluded that a defendant had to satisfy those requirements even if the misdemeanor sentence

ran concurrently with a longer felony sentence. *Id.* See also *State v. Campbell*, 9th Dist. No. 24668, 2010-Ohio-2573, at ¶11. Our conclusions in *Pedraza* are not affected by *Lewis* because *Lewis* involved a defendant who moved for a stay of execution in the trial court.

{¶15} In his reply brief, Mr. Henry has argued that *Pedraza* is distinguishable because the defendant in that case was making a sufficiency of the evidence argument, not an allied offenses argument. He has also argued that, under *State v. Underwood*, 124 Ohio St. 3d 365, 2010-Ohio-1, the mere fact that he has two convictions when he should only have had one is evidence of prejudice.

{¶16} The reason that the completion of a sentence renders an appeal from the related conviction moot is because, absent some collateral disability or loss of civil right, there is no subject matter for the court to decide. *In re S.J.K.*, 114 Ohio St. 3d 23, 2007-Ohio-2621, at ¶9 (citing *St. Pierre v. United States*, 319 U.S. 41, 42 (1943)). Although the Ohio Supreme Court wrote in *Underwood* that "a defendant is prejudiced by having more convictions than are authorized by law[,]" it was addressing whether the defendant's argument met the criteria for plain error not mootness. *State v. Underwood*, 124 Ohio St. 3d 365, 2010-Ohio-1, at ¶31. Under the doctrine of mootness, unless the defendant can establish that he will face some sort of future consequences as a result of the conviction, an appeal from that conviction after he has served his sentence is moot regardless of whether the conviction was authorized by law. See *State v. Whitt*, 2d Dist. No. 11472, 1990 WL 26087 at *3 (Mar. 7, 1990) (concluding defendant's allied offense argument was moot because he had already completed his sentence for the offense that would have merged).

{¶17} Mr. Henry contested the obstructing official business and resisting arrest charges at trial, but did not seek a stay of execution of his sentence. He has not alleged some collateral

disability or loss of his civil rights. Accordingly, because he has completed his sentence for obstructing official business and resisting arrest, his appeal of those convictions is moot, and his second assignment of error is overruled on that basis. *State v. Pedraza*, 9th Dist. No. 09CA009706, 2010-Ohio-4284, at ¶25.

## CONCLUSION

**{¶18}** Mr. Henry's domestic violence conviction is not against the manifest weight of the evidence. His appeal from his misdemeanor convictions is moot. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
WHITMORE, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

TODD M. CONNELL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.