[Cite as *State v. Riggs*, 2018-Ohio-347.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 17CA0011-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TAYLOR RIGGS | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 16 CR 0520 |

DECISION AND JOURNAL ENTRY

Dated: January 29, 2018

CALLAHAN, Judge.

{¶1} Appellant, Taylor Riggs, appeals from his conviction for assault in the Medina County Common Pleas Court. For the reasons set forth below, the appeal is dismissed as moot.

I.

{¶2} Mr. Riggs was indicted for felonious assault involving an incident with his former girlfriend. The jury found Mr. Riggs not guilty of felonious assault, but guilty of the lesser included offense of assault, a misdemeanor in the first degree. On February 1, 2017, Mr. Riggs was sentenced to 180 days in the Medina County Jail, with credit for 2 days served, and costs were waived.

{¶3} While serving his jail sentence, Mr. Riggs timely appealed his conviction and raised two assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED BY FAILING TO GRANT A JUDGMENT OF ACQUITTAL, PURSUANT TO CRIM.R. 29(A), ON THE CHARGE, AND THEREAFTER ENTERING A JUDGMENT OF CONVICTION OF THE OFFENSE AS THAT CHARGE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE, IN VIOLATION OF [MR. RIGGS'S] RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

**ASSIGNMENT OF ERROR NO. 2**

[MR. RIGGS'S] CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶4} Before this Court can address Mr. Riggs's assignments of error, it must first determine whether his appeal is moot. This Court cannot consider the merits of a case when the sentence on a misdemeanor conviction has been served voluntarily and no showing of disability has been made. *State v. Berndt*, 29 Ohio St.3d 3, 4-5 (1987), as modified by *State v. Golston*, 71 Ohio St.3d 224 (1994), syllabus; *see Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, ¶ 18-19. The parties were issued a show cause order to present arguments and evidence as to the issue of mootness. Both Mr. Riggs and the State filed responses.

{¶5} In response to the show cause order, Mr. Riggs argued that his appeal is not moot because he served his sentence involuntarily and he could suffer 1 of the 199 different collateral consequences as a result of his conviction. This Court disagrees.

{¶6} Regarding the issue of mootness of an appeal of a misdemeanor conviction, this Court has previously stated that

> when an appellant completes a misdemeanor sentence without requesting a stay pending appeal and does not offer evidence from which this Court could infer that the appellant would suffer collateral disability or loss of civil rights stemming from the misdemeanor conviction, the appeal is moot.

*State v. Boone*, 9th Dist. Summit No. 26104, 2013-Ohio-2664, ¶ 7; *see State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus, as modified by *Golston* at syllabus. Mr. Riggs does not dispute that he completed his misdemeanor sentence, but instead argues he served it involuntarily.

{¶7} In *Lewis*, the Ohio Supreme Court "considered what it mean[t] to 'voluntarily' complete a sentence for purposes of the mootness doctrine," and whether a misdemeanant must seek a stay of execution of sentence in both the trial and appellate court. *Id*., 129 Ohio St.3d 389, 2011-Ohio-2673, at ¶ 20. In relation to the voluntariness of serving a sentence, *Lewis* held that

> [t]he completion of a sentence is not voluntary and will not make an appeal moot if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide.

*Id*. at paragraph one of the syllabus. This Court recognized the following circumstances considered by *Lewis* when analyzing the application of the mootness doctrine to a misdemeanant who has completed the sentence:

> "[A] misdemeanant who contests charges at trial and, after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and thereafter appeals the conviction objectively demonstrates that the sentence is not being served voluntarily, because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal."

*State v. Henry*, 9th Dist. Summit No. 25479, 2011-Ohio-3566, ¶ 13, quoting *Lewis* at ¶ 23.

{¶8} Applying the circumstances considered in *Lewis*, Mr. Riggs contends his appeal is not moot and he did not acquiesce to the judgment as evidenced by the following: 1) he "contested the charges by way of a jury trial," 2) he served his sentence "'under protest'" because he filed a "'Motion for Halftime Release,'" and 3) he filed a timely appeal. While Mr. Riggs contested the charge by proceeding to a jury trial and timely filed an appeal, he failed to seek a stay of execution of his sentence to prevent his appeal from becoming moot. Mr. Riggs's

"'Motion for Halftime Release,'" filed two and one-half months after his appeal, requested an "early release" from jail so that he could "begin putting [his] life back together" and not a stay of execution of his sentence for appeal purposes. Accordingly, Mr. Riggs has failed to demonstrate that he served his sentence involuntarily. *See Lewis* at ¶ 23.

{¶9} As to the collateral disability, the Ohio Supreme Court has held that the misdemeanant must present evidence that "he has such a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed on him." *Wilson*, 41 Ohio St.2d at 237; *see also Berndt*, 29 Ohio St.3d at 4. This burden is satisfied by "offer[ing] evidence from which an inference can be drawn that [the misdemeanant] will suffer some collateral legal disability or loss of civil rights." *Berndt* at 4. Mr. Riggs did not present any such evidence. *See id.*

{¶10} Instead, Mr. Riggs contends "[a]s to collateral consequences, it has been said that any criminal conviction can subject a defendant up to 199 different types of loss of benefits/rights." While collateral consequences stemming from a misdemeanor conviction are generally recognized, Mr. Riggs did not identify any particular consequence that he will suffer as a result of his assault conviction. *See Lewis* at ¶ 28-33 (Lundberg Stratton, J., concurring); *see also State v. Farris*, 1st Dist. Hamilton No. C-150567, 2016-Ohio-5527, ¶ 6-7.

{¶11} Because Mr. Riggs voluntarily served his sentence and has not shown that he actually suffered a collateral consequence from his conviction, this Court cannot consider his appeal. *See Henry*, 2011-Ohio-3566, at ¶ 17.

III.

**{¶12}** Mr. Riggs's appeal is moot and dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

THOMAS REIN, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.