[Cite as *State v. White*, 2020-Ohio-1060.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

GREGORY L. WHITE

    Appellant

C.A. Nos.    19CA0059-M
              19CA0060-M

APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE Nos.    18CRB00856
              18CRB00893

DECISION AND JOURNAL ENTRY

Dated: March 23, 2020

SCHAFER, Judge.

{¶1} Gregory White appeals his sentences from the Wadsworth Municipal Court. This Court affirms.

I.

{¶2} In December 2018, Mr. White pleaded guilty to a single count of telephone harassment in one case and a single count of violation of a temporary protection order in a second case. Later that same month, the municipal court sentenced him to 180 days in jail for each offense. It ordered the sentences to run consecutive to each other. Mr. White has appealed his sentences, arguing that the municipal court abused its discretion when it sentenced him because it failed to comply with R.C. 2929.22.

II.

**THE TRIAL COURT ABUSED ITS DISCRETION AND FAILED TO COMPLY WITH R.C. 2929.22.**

{¶3} Mr. White argues that the trial court did not consider the purposes of misdemeanor sentencing and imposed clearly excessive sentences on him. Upon review of the record, however, we conclude that Mr. White's arguments are moot.

{¶4} The Ohio Supreme Court has held that, "[if] a defendant, convicted of a criminal offense, has voluntarily * * * completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus. The reason an appeal is moot after the sentence is served is "because there is no subject matter for the court to decide." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, ¶ 9.

{¶5} In this case, Mr. White is not challenging his convictions, only the length of his sentences, which totaled 360 days. The court imposed the sentences on December 21, 2018, and gave Mr. White 72 days of jail time credit. Mr. White did not move for a stay of execution in the trial court or this Court. According to the State, Mr. White had completed his sentences as of November 12, 2019. Mr. White has not contested the State's assertion or argued that he will suffer a collateral disability or loss of civil rights from his allegedly improper sentences. We, therefore, conclude that Mr. White's appeals of his sentences are moot. His assignment of error is overruled on that basis. *See State v. Henry*, 9th Dist. Summit No. 25479, 2011-Ohio-3566, ¶ 17.

III.

{¶6} Mr. White's assignment of error is overruled. The judgments of the Wadsworth Municipal Court are affirmed.

Judgments affirmed.

3

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

THOMAS J. MORRIS, Assistant Director of Law, for Appellee.