[Cite as *State v. Rickett*, 2021-Ohio-1765.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-08-051 |
| | : | O P I N I O N |
| - vs - | | 5/24/2021 |
| | : | |
| ROBERT L. RICKETT, JR., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2020 CRB 2515 (A-C)

Mark J. Tekulve, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Denise S. Barone, 385 North Street, Batavia, Ohio 45103, for appellant

**HENDRICKSON, J.**

{¶1}   Appellant, Robert L. Rickett, Jr., appeals from his convictions in the Clermont County Municipal Court for menacing by stalking, aggravated trespass, and aggravated menacing.  For the reasons that follow, we dismiss Rickett's appeal as moot.

{¶2}   On July 29, 2020, Rickett was charged by complaint in the Clermont County Municipal Court with one count of aggravated menacing in violation of R.C. 2903.21, one

count of aggravated trespass in violation of R.C. 2911.211, and one count of menacing by stalking in violation of R.C. 2903.211, all misdemeanors of the first degree. The charges arose out of multiple incidents involving Rickett's neighbor.

{¶3} Rickett pled not guilty to the charges, and a bench trial was held on August 18, 2020. The court found Rickett guilty of all charges and proceeded to sentencing. The court determined that the aggravated trespass and the menacing by stalking convictions were allied offenses subject to merger, and the state elected to proceed on the menacing by stalking conviction. The court sentenced Rickett to 180 days in jail on the menacing by staking conviction and 180 days on the aggravated menacing conviction, which were run consecutively to one another for an aggregate sentence of 360 days. Rickett was awarded 22 days of jail-time credit. Rickett did not request a stay of his jail sentence.

{¶4} Rickett appealed from his conviction, raising two assignments of error.

{¶5} Assignment of Error No. 1:

{¶6} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO RULE THAT MERGER APPLIED TO ALL THREE CHARGES.

{¶7} Assignment of Error No. 2:

{¶8} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT AS HE WAS DENIED DUE PROCESS AND A FAIR TRIAL WHEN HIS TRIAL COUNSEL DID NOT PRESENT A GOOD DEFENSE.

{¶9} In his first assignment of error, Rickett argues that all three of his misdemeanor convictions should have been merged as allied offenses as "there was only one victim and all the offenses arose out of a single and consecutive series of acts." In his second assignment of error, Rickett argues that he received ineffective assistance by trial counsel as counsel failed to sufficiently cross-examine the state's witnesses and failed to

present a good defense to the charges. However, before this court can address Rickett's assignments of error, we must first determine whether his appeal is moot, as Rickett's sentence was mitigated and he was released from jail by the trial court on February 17, 2021.

{¶10} The supreme court has recognized that "where a criminal defendant, convicted of a *misdemeanor*, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." (Emphasis sic.) *State v. Golston*, 71 Ohio St.3d 224, 226 (1994), citing *State v. Wilson*, 41 Ohio St.2d 236 (1975) and *State v. Berndt*, 29 Ohio St.3d 3 (1987). The burden is on the defendant to present evidence that there is some collateral legal disability or that he has such a "substantial stake in the judgment of conviction" that the appeal is not moot. *Wilson* at 237. "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, ¶ 10, citing *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481 (1957). A sentence is not served voluntarily if a stay of the sentence is requested but is denied. *City of Cleveland Hts v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, ¶ 23.

{¶11} In the case before us, Rickett did not request a stay of the now-completed jail sentence and is therefore deemed to have served his sentence voluntarily. *See Lewis*. Rickett has not suggested, nor can we discern, any collateral disability resulting from his convictions for menacing by stalking, aggravated trespass, and aggravated menacing. At oral argument, Rickett's appellate counsel advised the court of Rickett's release from jail and discussed the issue of mootness. Although appellate counsel urged the court to reach the merits of Rickett's assigned errors, counsel did not identify any particular collateral

consequence or disability that Rickett will suffer as a result of his convictions. This court, therefore, cannot consider his appeal. *See State v. Riggs*, 7th Dist. Medina No. 17CA0011-M, 2018-Ohio-347; *State v. Cohen*, 2d Dist. Montgomery No. 28660, 2020-Ohio-5270. *See also Berndt*, 29 Ohio St.3d at 5 (finding that an appellate court should dismiss an appeal that is moot and, where it fails to do so, the appellate court's judgment will be reversed and the trial court's judgment reinstated, as if the appeal had been dismissed).

{¶12} Accordingly, as Rickett voluntarily satisfied the trial court's judgment and the judgment has not triggered a collateral disability, there is no longer an existing case or controversy for this court to resolve on appeal. Rickett's appeal is, therefore, moot and is hereby dismissed.

{¶13} Appeal dismissed.

M. POWELL, P.J., and BYRNE, J., concur.