[Cite as *State v. Glisson*, 2021-Ohio-1985.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-11-064 |
| | : | O P I N I O N |
| - vs - | | 6/14/2021 |
| | : | |
| CHRISTOPHER MICHAEL GLISSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2020 CRB 2164

Mark J. Tekulve, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Denise S. Barone, 385 North Street, Batavia, Ohio 45103, for appellant

**HENDRICKSON, J.**

{¶1} Appellant, Christopher Michael Glisson, appeals from his conviction and sentence in the Clermont Municipal Court for assault. For the reasons that follow, we dismiss Glisson's appeal as moot.

{¶2} On July 1, 2020, Glisson was charged by complaint with one count of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree. The charges arose

following Glisson's physical altercation with his roommate at their apartment in Eastgate, Clermont County, Ohio. It was alleged that Glisson punched his roommate multiple times, causing the roommate to have a swollen eye, a knot on his forehead, and abrasions on his face and back.

{¶3} Glisson pled not guilty to the charge, and a bench trial was held on November 3, 2020. After hearing from an officer who had responded to the scene, the victim, and another individual who was present when the altercation occurred, the court determined that Glisson had not acted in self-defense as he started the altercation. The court found Glisson guilty of assault and sentenced him to 120 days in jail. The court did not impose a fine and waived court costs. Glisson did not request a stay of his jail sentence.

{¶4} Glisson appealed, raising three assignments of error:

{¶5} Assignment of Error No. 1:

{¶6} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN [IT] FOUND CHRISTOPHER GLISSON GUILTY.

{¶7} Assignment of Error No. 2:

{¶8} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN HE WAS SENTENCED TO SERVE ONE-HUNDRED-AND-TWENTY DAYS.

{¶9} Assignment of Error No. 3:

{¶10} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AS HE WAS DENIED DUE PROCESS AND A FAIR TRIAL WHEN HIS TRIAL COUNSEL DID NOT PRESENT A GOOD DEFENSE.

{¶11} Before this court can address Glisson's assignments of error, it must first determine whether his appeal is moot. The supreme court has recognized that "where a criminal defendant, convicted of a *misdemeanor*, voluntarily satisfies the judgment imposed

upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." (Emphasis sic.) *State v. Golston*, 71 Ohio St.3d 224, 226 (1994), citing *State v. Wilson*, 41 Ohio St.2d 236 (1975); and *State v. Berndt*, 29 Ohio St.3d 3 (1987). The burden is on the defendant to present evidence that there is some collateral legal disability or that he has such a "substantial stake in the judgment of conviction" that the appeal is not moot. *Wilson* at 237. "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, ¶ 10, citing *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481 (1957). "[A] collateral legal disability implies a separate and distinct consequence from the original criminal prosecution, that is, there must be some other effect, adverse to the defendant beyond expected punishment for his current offense." *State v. McCarty*, 2d Dist. Montgomery No. 20581, 2005-Ohio-4031, ¶ 4.

{¶12} A defendant can show that he did not serve his sentence voluntarily if a stay of the sentence is requested but is denied. *State v. Rickett*, 12th Dist. Clermont No. CA2020-08-051, 2021-Ohio-1765, ¶ 10. As the supreme court explained,

> a misdemeanant who contests charges at trial and, after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and thereafter appeals the conviction objectively demonstrates that the sentence is not being served voluntarily, because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal.

*Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, ¶ 23.

{¶13} In the case before us, Glisson was sentenced on November 3, 2020 to serve 120 days in jail. He did not request a stay of his sentence. Glisson's 120-day sentence expired on March 3, 2021, and he is no longer listed as an inmate on the Clermont County

jail's website.

{¶14} After being sentenced, Glisson filed two motions for judicial release and two motions for "good-days credit" for the "JIP Program." The fact that Glisson filed these motions after commencing his sentence does not mean his sentence was served involuntarily. *See, e.g., State v. Riggs*, 9th Dist. Medina No. 17CA0011-M, 2018-Ohio-347, ¶ 8 (finding that a defendant voluntarily served his misdemeanor sentence rendering his appeal moot where the filing of a "motion for halftime release" did not request a stay of execution of his sentence). While Glisson asked for early release from jail or for "good-days credit" for time spent in a daily work program, Glisson did not request a stay of execution of his sentence in any of those motions. Accordingly, as Glisson did not request a stay of his now-completed jail sentence, he is deemed to have served his sentence voluntarily. *See Lewis* at ¶ 23; *Rickett* at ¶ 11.

{¶15} Furthermore, Glisson has not suggested, nor can we discern, any collateral disability resulting from his conviction for assault. This court, therefore, cannot consider his appeal. *Id.; State v. Cohen*, 2d Dist. Montgomery No. 28660, 2020-Ohio-5270. *See also Berndt*, 29 Ohio St.3d at 5 (finding that an appellate court should dismiss an appeal that is moot and, where it fails to do so, the appellate court's judgment will be reversed and the trial court's judgment reinstated, as if the appeal had been dismissed).

{¶16} As Glisson voluntarily satisfied the trial court's judgment and the judgment has not triggered a collateral disability, there is no longer an existing case or controversy for this court to resolve on appeal. Glisson's appeal is, therefore, moot and is hereby dismissed.

{¶17} Appeal dismissed.

PIPER, P.J., and S. POWELL, J., concur.